THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* ARTHUR C. VARNEY, Respondent.

Second Department, June 9, 1969.

*John R. Heilman, Jr., District Attorney (Albert M. Rosenblatt of counsel), for appellant.*

*O'Donnell & O'Donnell (Charles O'Donnell, Jr., of counsel), for respondent.*

BELDOCK, P. J. The question we are called upon to determine is whether a daytime search is illegal when conducted pursuant to a search warrant which, although otherwise valid, improperly authorized a nighttime search.

The evidence in issue was seized by the police pursuant to a warrant which authorized a search '' in the daytime at any time of the day or night.'' The defendant tacitly concedes that the search took place during the daytime and does not argue on this appeal that insufficient probable cause was shown for the issuance of a warrant authorizing a daytime search. The County Court found that the affidavit upon which the warrant was issued did not show the requisite probable cause to justify a nighttime search (Code Crim. Pro., § 801). There is nothing in the record upon which to base a contrary finding. In granting the motion to suppress, the County Court held that the defect in the warrant rendered it void for all purposes.

We disagree with that conclusion. In our opinion, such a search is not illegal. The Federal courts have almost uniformly expressed this view (*United States* v. *Lepper,* 288

F. 136 [U. S. Dist. Ct., W. D. N. Y.], affd. *sub nom. Lepper* v. *United States,* 295 F. 1017 [C. C. A. 2d]; *United States* v. *Fitzmaurice,* 45 F. 2d 133 [C. C. A. 2d]; *United States* v. *Brunett,* 53 F. 2d 219 [U. S. Dist. Ct., W. D. Mo.]; but, see, *United States* v. *Raidl,* 250 F. Supp. 278 [U. S. Dist. Ct., N. D. Ohio]). The Supreme Court of the United States has evinced a liberal attitude in passing upon the validity of search warrants (see *United States* v. *Ventresca,* 380 U. S. 102).

Under the circumstances, we find that the defect in the search warrant herein is of a technical nature and may be overlooked in view of the fact that the search was conducted during the daytime.

*People* v. *Rainey* (14 N Y 2d 35), upon which the defendant relies, is not controlling herein. In that case a search warrant which failed to describe the premises to be searched with sufficient particularity was held to be void for all purposes, regardless of the circumstances of its execution. That holding was in conformity with the prevailing Federal decisions (see *United States* v. *Hinton,* 219 F. 2d 324 [C. A. 7th]; *United States* v. *Barkouskas,* 38 F. 2d 837 [U. S. Dist. Ct., M. D. Pa.]).

We deem *Rainey* to be distinguishable on the ground that the warrant therein was found to be invalid for its failure to comply with the requirements of the Fourth Amendment. The infirmity of the search warrant herein is not constitutional in nature but is a failure to comply with a statutory requirement reflecting a legislative intent to prohibit nighttime searches except under special circumstances (79 C. J. S., Searches and Seizures, § 83; *People* v. *Watson,* 39 Misc 2d 808, 810). Since the warrant was actually executed during the daytime, the intent of the Legislature has not been flouted.

Accordingly, the order should be reversed, on the law and the facts, and the motion to suppress denied. In making this determination we rely only upon the ground discussed above. Since the parties have limited their briefs to this issue we have not considered any other factor bearing upon the legality of the search.

CHRIST, BRENNAN, RABIN and HOPKINS, JJ., concur.

Order reversed, on the law and the facts, and motion denied.