Memorandum. Orders unanimously reversed, on the law, information reinstated and motion to suppress denied.
The People appeal from an order granting defendant’s motion to suppress physical evidence and a subsequent order dismissing the information because the People were unable to proceed to trial without the suppressed evidence.
Defendant contends that the appeal should be dismissed because the People have not filed a statement in accordance with CPL 450.50. We disagree. CPL 450.50 provides:
"1. In taking an appeal, pursuant to subdivision eight of section 450.20, to an intermediate appellate court from an order of a criminal court suppressing evidence, the people must file, in addition to a notice of appeal or, as the case may be, an affidavit of errors, a statement asserting that the deprivation of the use of the evidence ordered suppressed has rendered the sum of the proof available to the people with respect to a criminal charge which has been filed in the court either (a) insufficient as a matter of law, or (b) so weak in its entirety that any reasonable possibility of prosecuting such charge to a conviction has been effectively destroyed.
"2. The taking of an appeal by the people, pursuant to subdivision eight of section 450.20, from an order suppressing evidence constitutes a bar to the prosecution of the accusatory instrument involving the evidence ordered suppressed, unless and until such suppression order is reversed upon appeal and vacated.” (See, also, CPL 450.20, subd 8.)
Where, as in the case at bar, there has already been a judicial determination that the People are unable to proceed without *1005 the suppressed evidence, a statement by the People to that effect is superfluous. The purpose of the section is to preclude an appeal from a nonfinal suppression order. Where, however, the effect of the order is to leave the prosecution with legally insufficient evidence, the order is for most practical purposes final and an appeal therefrom should be allowed (Commission Staff Comment, CPL 450.50). Subdivision 2 assures the finality of the order by providing that the People may not pursue the prosecution of the accusatory instrument if the suppression order is affirmed on appeal. The dismissal order has had the same effect herein; unless and until the orders are reversed the People cannot proceed with the prosecution of this information. It is not lightly to be presumed that the Legislature intended the People to perform a meaningless act (see McKinney’s Cons Laws of NY, Book 1, Statutes, §§ 113, 145; Iannelli Bros. v Muscarella, 30 AD2d 698, affd 24 NY2d 779; see, also, People v Bryant, 47 AD2d 51, 63; People v Carter, 31 NY2d 964). We therefore conclude that the requirements of CPL 450.50 are satisfied where the court dismisses the information on the ground that the People are left with insufficient evidence to proceed with the prosecution, and the filing of the statement under those circumstances is not required. In any event, the order dismissing the information is appealable (CPL 450.20, subd 1) and brings up for review the propriety of the intermediate order granting defendant’s motion to suppress (CPL 470.15, subd 1).
It was error to grant defendant’s motion to suppress on the ground that the search was unlawful because the warrant invalidly authorized a nighttime search. Where, as here, the search is actually conducted in the daytime, the defect is of a technical nature and will be overlooked (People v Varney, 32 AD2d 181; cf. People v Gnozzo, 31 NY2d 134, 141).
Under the circumstances herein, it is unnecessary to remit the matter to the hearing Judge for the purpose of making further findings of fact (People v Brady, 16 NY2d 186; People v Alfinito, 16 NY2d 181). The application for the warrant provided more than ample justification for its issuance, and the uncontradicted and unimpeached testimony of the officer who executed both the warrant and the application established the truth of the allegations contained in the application and the proper execution of the warrant. Defendant having rested without offering any evidence to the contrary, failed, as a matter of law, to sustain his burden (People v Rahming, 26 *1006 NY2d 411) of establishing the illegality of the search and seizure. Defendant’s remaining contention is without merit.
Concur: Glickman, P. J., Pittoni and Gagliardi, JJ.