■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK CRISPELL, Appellant. — Per Curiam.

As a result of an arrest made by the Dutchess County Sheriff's Department at about midnight on December 14, 1982, the Ulster County Sheriff's Department was alerted to the fact that defendant, who was allegedly engaged in the sale of marihuana, might have a substantial quantity of marihuana stored at his residence in Ulster County. The arrestee was interviewed in

Dutchess County and Ulster County deputies took a written statement from him to support an application for a warrant to search defendant's mobile home.

Prior to presentment to the Town Justice, the officer completing the application for the search warrant had crossed out the "all hours" portion of the warrant, believing that, given the time considerations, he would be unable to execute the warrant prior to 6:00 A.M. When the officer realized he would have time to execute the warrant prior to 6:00 A.M., he amended the warrant application by typing in a request for an "all hours" warrant. This amendment was completed at the home of the Justice who issued the warrant. Thereafter, the Justice signed the warrant with the crossed-out "all hours" provision circled. The warrant was executed about 45 minutes before 6:00 A.M.

Defendant was indicted and charged with criminal sale of marihuana in the first degree and criminal possession of marihuana in the first degree. Defendant moved to suppress physical and testimonial evidence obtained upon execution of the search warrant on the ground that the warrant was fatally defective. After such motion was denied, defendant pleaded guilty to criminal possession of marihuana in the first degree. Defendant now appeals, alleging as error the denial of his suppression motion.

Initially, defendant argues that the warrant, as written, was not an "all hours" warrant (CPL 690.35 [3] [a]), such that it was required to be executed between the hours of 6:00 A.M. and 9:00 P.M. (CPL 690.30 [2]). The time when a search warrant may be executed is not a matter of Federal or State constitutional law, but a matter of statute (*see, People v Varney,* 32 AD2d 181, 182). That being the case, the warrant should not be read in a hypertechnical manner (*see, People v Bowers,* 92 AD2d 669). Here, the "all hours" provision of the warrant was crossed out, but subsequently circled. This evinced an intention to make the warrant an "all hours" warrant. Such intention is supported by the unequivocal testimony of the issuing Justice at the suppression hearing. While the warrant should have been made more clear, this is a technical defect which can be ignored (*cf. People v Gnozzo,* 31 NY2d 134, 141, *cert denied sub nom. Zorn v New York,* 410 US 943; *People v Glen,* 30 NY2d 252, 261-262, *cert denied sub nom. Baker v New York,* 409 US 849; *People v Varney, supra*).

Additionally, we find that a sufficient basis existed to justify the issuance of an "all hours" warrant (CPL 690.35 [3] [a]; 690.40 [2]). The man arrested in Dutchess County had purchased marihuana from defendant only hours before police ap-

plied for the search warrant. He informed police that removal of the marihuana from defendant's residence was imminent, and the circumstance was conveyed to the issuing Justice.

We have examined defendant's other contentions regarding the suppression court's decision and find them to be without merit.

Judgment affirmed. Mahoney, P. J., Mikoll, Yesawich, Jr., and Levine, JJ., concur.