David Leroy WIGGIN, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–86–269.

Court of Criminal Appeals of Oklahoma.

May 13, 1988.

C. Rabon Martin, Martin and Turner, Tulsa, for appellant.

Michael C. Turpen, Atty. Gen., Terry J. Jenks, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

The appellant, David Leroy Wiggin, was tried by jury and convicted of Unlawful Possession of Marijuana With Intent to Distribute [63 O.S.Supp.1984, § 2–401(B)(2)], in Tulsa County District Court, Case No. CRF–85–1437, before the Honorable Clifford Hopper, District Judge. The jury set punishment at five (5) years imprisonment. Judgment and sentence was imposed accordingly. From this, appellant perfected this appeal. We reverse.

Because we find appellant's propositions II and III to be determinative, only the facts which relate to these propositions will be addressed. On April 5, 1985, Tulsa Police Officer Neely obtained a search warrant from the Honorable Judge David Winslow. At the preliminary hearing, Neely testified he went to the home of Judge Winslow to obtain his signature for the warrant. On the supporting affidavit for the warrant, Neely, the affiant, stated that certain drug sales had taken place at the home of appellant. The search warrant affidavit, on a standard form used in every drug search in Tulsa County, contained pre-printed language which stated there was a likelihood that the dangerous substances would be destroyed unless the search warrant allowed service "in the day or night." The affidavit contained no factual information which supported this conclusion.

Upon signing the search warrant, which contained similar pre-printed language, Judge Winslow asked if the search warrant would be executed immediately. Neely stated that it would not be executed immediately, but would be served at a later time. Judge Winslow asked why nighttime service was requested, and Neely explained that he was on duty at night. Apparently as an accommodation to the officer, Judge Winslow agreed to nighttime service. The search warrant was not executed for four (4) days. On April 9, 1985, Officers Neely and Arent, along with other police officers, served the warrant at 7:30 p.m. Officer Arent testified that it was served at night.

As his second and third propositions, appellant argues that the affidavit was insufficient to allow nighttime service under 22 O.S.1981, § 1230 and that nighttime service of the search warrant was improper. In support of his argument, appellant urges that the pre-printed language alone was inadequate to allow service at nighttime because an independent factual finding by the judge is required under Section 1230.

Section 1230 reads as follows:

§ 1230. Search warrant may be served, when

The judge shall insert a direction in the warrant that it be served in the daytime, unless the affidavits be positive that the property is on the person, or in the place to be searched, and the judge finds that there is likelihood that the property named in the search warrant will be destroyed, moved or concealed. In which case the judge may insert a direction that it be served at any time of the day or night.

"Searches of the dwelling house" have always been the subject of close scrutiny because a "nighttime search is sensitively related to the reasonableness" element contained in the Fourth Amendment. *United States v. Gibbons*, 607 F.2d 1320, 1326 (10th Cir.1979). Thus, many states, including Oklahoma, require the presence of special circumstances before the intrusion of a search may occur at night. *Id.* Recently, in *Fletcher v. State*, 735 P.2d 1190, 1193 (Okla.Crim.App.1986), this Court agreed that a nighttime search should only be allowed under certain circumstances, explaining that Section 1230 mandates that the issuing judge make a finding that the property will be destroyed, moved or concealed before he may exercise his discretion to authorize a nighttime search.

Obviously, the judge made no such determination in the present case. The testimony at preliminary hearing shows that nighttime service was allowed so that Officer

Neely could execute the warrant while he was on duty. Clearly, there was no immediate danger of the evidence being destroyed or concealed as the officers did not find it imperative to execute the warrant until four (4) days later. We also note that the preliminary hearing magistrate dismissed the charge against appellant after granting appellant's motion to suppress due to the fact that nighttime service was in violation of Section 1230. Furthermore, the evidence obtained in the search led to charges being filed in federal district court. In a lengthy order, U.S. District Judge Cook granted appellant's motion to suppress, stating that there was no showing of exigency which would allow such an intrusion into appellant's home at night.

We must agree with the preliminary hearing magistrate and Judge Cook. Absent the pre-printed language, there was no factual allegation in the affidavit which supports the finding of "likelihood that the property named in the search warrant will be destroyed, moved or concealed." *See* 22 O.S.1981, § 1230. Accordingly, it was error to admit evidence obtained in this search at appellant's trial.

This cause is REVERSED and REMANDED for further proceedings not inconsistent with this opinion.

BRETT, P.J., and BUSSEY, J., concur.