OPINION OF THE COURT
Memorandum.
The orders of the Appellate Division should be affirmed.
Defendants argue that the nighttime search was invalid under CPL 690.35 (3) and 690.45 (6) and, therefore, that the fruits thereof should have been suppressed. We disagree. The warrant itself expressly authorized the nighttime entry, it was not signed until after 9:00 p.m., and it directed the police to make an immediate search; additionally, an immediate search was reasonably necessary because the whereabouts of the violent-crime suspects were still unknown, the potential loss of evidence was a real concern, and the recovery of that evidence was essential to the continued progress of the investigation. Under these circumstances, it was not fatal to the validity of the warrant, or of the ensuing search, that the application did not explicitly request permission for a nighttime entry (see, People v Arnau, 58 NY2d 27, 38, cert denied 468 US 1217; see also, People v Rose, 31 NY2d 1036).
Defendants’ contention that the search was tainted by the initial warrantless entry must also fail. The undisturbed factual determination of the suppression court that the warrant application was based solely on information obtained prior to and independent of the initial entry is supported in *770 the record by evidence of the victim’s account of the crime and the crime scene (see, People v Arnau, supra, at 27; People v McCray, 51 NY2d 594, 601). We have considered defendants’ other contentions and find them to be without merit.