■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDGARDO ACEVEDO, Appellant.

The physical evidence which the defendant sought to suppress was recovered during the nighttime search of the defendant's residence upon the execution of a search warrant. The warrant was issued on the basis of an informant's information that the defendant possessed a large number of stolen televisions, stereos, and radios. The warrant application detailed sufficient information to establish the informant's reliability and his basis of knowledge, such that probable cause for the search was demonstrated (see, People v Griminger, 71 NY2d 635; People v Hanlon, 36 NY2d 549), and adequately particularized the place and person to be searched (see, Maryland v Garrison, 480 US 79; People v Nieves, 36 NY2d 396). Further, the few misstatements and omissions in the warrant application did not vitiate the finding of probable cause, since they did not cast doubt on the informant's reliability (see, People v Ronning, 137 AD2d 43), and the remainder of the application was sufficient to establish probable cause (see, Franks v Delaware, 438 US 154, 171-172).

However, the defendant's rights were violated because the search occurred at 4:15 A.M. No basis for the nighttime search was alleged in the warrant application, and there was no actual need for the police to execute the warrant at night. In New York, a nighttime search for the purpose of seizing designated property or kinds of property is authorized only when the application alleges that the warrant: (1) "cannot be

executed between 6:00 A.M. and 9:00 P.M.", or (2) the property to be seized "will be removed or destroyed if not seized forthwith" (CPL 690.35 [3] [a] [i], [ii]). Although the failure to comply with the procedural requirements for obtaining a nighttime search warrant does not justify the suppression of the evidence where there exists a basis for the nighttime search (see, People v Silverstein, 74 NY2d 768, cert denied 493 US 1019; People v Rose, 31 NY2d 1036), in this case, where there does not exist any basis for the nighttime search, the search was invalid and the evidence must be suppressed (see, United States v Searp, 586 F2d 1117, 1125, cert denied 440 US 921; see also, People v Dyla, 142 AD2d 423 [exclusionary rule applies to evidence obtained during an unreasonable search]; United States ex rel. Boyance v Myers, 398 F2d 896 [nighttime searches authorized only under exceptional circumstances]; Jones v United States, 357 US 493 [a nighttime intrusion into a private home is a severe invasion of privacy]; Wolf v Colorado, 338 US 25 [4th Amend forbids the admission of evidence obtained in an unreasonable search and seizure]). Balletta, J. P., Miller, Ritter and Copertino, JJ., concur.