**The STATE of Oklahoma, Petitioner,**

v.

**Terry Lynn STAFFORD, Darla Louise Dobrolowski and Marjorie Francis Stirrett, Respondents.**

**No. S–91–551.**

Court of Criminal Appeals of Oklahoma.

Aug. 19, 1992.

### ACCELERATED DOCKET ORDER ANSWERING RESERVED QUESTION OF LAW

The State of Oklahoma is before the Court on a reserved question of law. The question is one of first impression for this Court: whether an otherwise valid search warrant which authorizes day or night search by printed boilerplate, but which is not supported by findings of fact as required by 22 O.S.Supp.1990, § 1230, is void even though it was served by day. We find the search warrant is not void under these circumstances.

Appellee Terry Lynn Stafford was charged with Obstructing an Officer in Tulsa County District Court, Case No. CM–90–1608, Darla Louise Dobrowolski was charged with Obstructing an Officer and Unlawful Possession of Marijuana in Case No. CM 90–1609 and Marjorie Francis Stirrett was charged with Unlawful Possession of Marijuana in Case No. CM 90–1610. These cases were consolidated for trial.

The search warrant issued in this case authorized day or night service by printed boilerplate, even though the supporting af-

fidavit did not seek, or support night service. The search warrant was served at 3:45 p.m. Prior to trial, the trial judge granted defendants' Motion to Suppress, however, not on the ground of lack of probable cause raised by the defendants. Rather the Court suppressed the fruits of the search because it found *sua sponte* the search warrant was void for authorizing a nighttime search which was not supported by the facts of the underlying affidavit as required by 22 O.S.Supp.1990, § 1230.

The defendants joined the Court's position and argued the search warrant was void under *Fletcher v. State*, 735 P.2d 1190 (Okl.Cr.1987) overruled in part *Newton v. State*, 824 P.2d 391 (Okl.Cr.1992) and *Wiggin v. State*, 755 P.2d 115 (Okl.Cr.1988). The State argued good faith and mootness since the search warrant was served during the day. In granting the Motion, the trial court noted he based his decision on a strict construction of Sections 1226 and 1230.

■ This case raises to constitutional proportions the sporting view, "no harm, no foul." We simply cannot agree with the trial court that the improper authorization of nighttime service warrants suppressing evidence recovered in a daytime search. Nor do we believe *Fletcher* or *Wiggin* are controlling. In each of those cases nighttime service was authorized by the issuing magistrate for reasons of the serving officer's convenience, a reason clearly outside statutory authority. *See Fletcher*, 735 P.2d at 1993; *Wiggin*, 755 P.2d at 116. Our decision is based both on the purpose of the exclusionary rule and the plain language of Section 1230.

Central to the discussion, of course, is the Fourth Amendment guarantee against unreasonable searches and seizures. By statute the Oklahoma legislature has determined that a nighttime search is unreasonable, absent certain compelling facts. 22 O.S.Supp.1990, § 1230. Only with an affirmative showing of a likelihood the named property will be destroyed, moved or concealed may the search warrant be served outside the hours of 6:00 a.m. and 10:00 p.m. *Id.*

■ The exclusionary rule is a judicially created remedy to deter future unlawful police conduct and thereby effectuate the guarantee of the Fourth Amendment against unreasonable searches and seizures. *U.S. v. Calandra*, 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974). It is not designed or intended to redress the injury to the privacy of the search victim. *Id.*

■ In the present case the appellees were not injured by an unreasonable search, for the search warrant was served in the daytime. Indeed, defense counsel has articulated no injury whatsoever. This leaves us with the question whether the search violated 22 O.S.Supp.1990, § 1230. The mere fact the authorization for a nighttime search was not supported by the affidavit is insufficient under these circumstances to warrant suppression of the evidence obtained. While we base our holding on our understanding of the Fourth Amendment and the plain language of Section 1230, we note that other jurisdictions faced with similar facts reach a similar conclusion. *See Arizona v. Sherrick*, 98 Ariz. 46, 402 P.2d 1 (1965); *New York v. Varney*, 301 N.Y.S.2d 330, 32 A.D.2d 181 (1969). We therefore answer this reserved question of law by holding an otherwise valid search warrant which authorizes day or night service, but which is not supported by findings of fact as required by 22 O.S.Supp.1990, § 1230, is not void for this reason alone when the warrant is served in the daytime.

IT IS SO ORDERED.

LANE, P.J., LUMPKIN, V.P.J., and BRETT and JOHNSON, JJ., concur.