■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOUGLAS CABAN, Appellant. [668 NYS2d 181] —Judgment,

Supreme Court, New York County (Edward McLaughlin, J.), rendered June 22, 1995, convicting defendant, upon a plea of guilty, of criminal sale of a controlled substance in the second (two counts) and third (one count) degrees, and sentencing him to concurrent prison terms of 6 years to life on the second-degree convictions, consecutive with 2 to 6 years on the third-degree conviction, for an aggregate indeterminate sentence of 8 years to life, unanimously affirmed.

On appeal, defendant challenges only the excessiveness of his sentence, urging that in the course of sentencing proceedings, the court made explicit reference to his alleged association with a notorious criminal gang (the "Wild Cowboys"), for which defendant was depicted as drug supplier. Defendant argues that this assumption of the sentencing court had no factual foundation whatsoever, and to the extent that this factor became an ingredient of his sentence, amelioration is logically required.

Preliminarily, we note that defendant's plea covered an indictment charging four separate sales of narcotics to undercover officers, three of which exceeded one-half ounce in weight. Therefore, defendant's sentence, based on a voluntary plea bargain, is justified by these circumstances without reference to other aggravating factors.

With respect to the contested gang involvement, we conclude that the point is not preserved. At the sentencing proceedings, defendant and his counsel stood silent and made no objection to the Judge's "gang" reference. That would have been the appropriate point for defendant to assert his objection to the allegedly erroneous information; his silence forecloses our ordinary review power. We perceive no reason for review in the interest of justice. Concur—Sullivan, J. P., Rosenberger, Wallach, Rubin and Tom, JJ.