■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAWLE WILSON, Appellant. [673 NYS2d 440] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Juviler, J.), rendered September 4, 1997, convicting him of two counts of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing (Silverman, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

The defendant contends that the officer's testimony at the suppression hearing was incredible and "patently tailored to nullify constitutional objections". We disagree. It is well settled that resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the hearing court which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88).

The evidence adduced at the suppression hearing indicates that there was probable cause to stop the vehicle in which the defendant was a passenger since the officer reasonably believed that the driver had failed to stop at the red traffic signal before turning right (see, People v Rose, 159 AD2d 600). Nothing in

the record suggests that the stop was a mere pretext, as the defendant argues (*cf., People v Mikel*, 152 AD2d 603). In addition, the subsequent police conduct in asking the defendant to exit the vehicle, frisking him, and recovering two weapons from his person, was lawful (*see, People v Robinson*, 74 NY2d 773, 775, *cert denied* 493 US 966; *People v Rosario*, 245 AD2d 470; *Matter of Jay B.*, 240 AD2d 488). Santucci, J. P., Joy, Florio and McGinity, JJ., concur.