■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH BUGMAN, Appellant. [679 NYS2d 491] —Judgment unanimously affirmed. Memorandum: Defendant was convicted after a jury trial of murder in the second degree (Penal Law § 125.25 [1]) and tampering with physical evidence (Penal Law § 215.40 [2]). We reject the contention of defendant that Supreme Court improperly curtailed his efforts to establish that someone else may have committed the crime. Although a defendant has the right to introduce evidence showing a clear link between a third party and the crime, he has no right to introduce proof that merely raises a suspicion that another person committed the crime (*see, People v Wade*, 245 AD2d 473). Here, the court gave defendant considerable latitude to explore his theories; however, it properly refused to permit defendant to introduce extrinsic evidence to impeach one of the People's witnesses on a collateral matter (*see, People v Pavao*, 59 NY2d 282, 288-290). Furthermore, defendant's motion to set aside the verdict based upon newly discovered evidence impeaching the credibility of a prosecution witness was properly denied without a hearing (*see, People v De Jac*, 219 AD2d 102, *lv denied* 88 NY2d 935; *People v Burnette*, 117 AD2d 987, 988, *lv denied* 69 NY2d 1002; *see also, People v Sides*, 242 AD2d 750, 751, *lv denied* 91 NY2d 836).

Defendant also contends that he received the maximum sentence because he remained silent at sentencing. Defendant, however, made no objection to the court's comments at sentencing, thereby failing to preserve the issue for our review (*see, People v Caban*, 246 AD2d 438, *lv denied* 91 NY2d 970). In any event, defendant was not punished for his silence. The nature of the crime and the horrific attempt to cover it up justify the sentence imposed, which is neither unduly harsh nor severe.

We also reject the contention that defendant should be resentenced because of alleged bias or inaccuracy in the presentence report. Defendant submitted his own presentence memorandum, and his affidavit correcting the presentence report was made a part of the report.

The contention of defendant that the court should have summarily granted his suppression motion because the People's answering affirmation failed to controvert his factual allegations is not preserved for our review (*see*, CPL 470.05 [2]). We reject the further contention of defendant that the court erred in denying his suppression motion following the *Huntley* hearing. The record supports the court's determination that defen-

dant was given timely *Miranda* warnings, that he made a knowing and voluntary waiver of his rights and that he did not invoke his right to remain silent. The court's determination of credibility is entitled to great deference and should not be disturbed absent extraordinary circumstances, which are not present here (*see, People v Wilson,* 250 AD2d 788; *People v Schultz,* 161 AD2d 970, 971, *lv denied* 76 NY2d 944). The *Miranda* warnings recited from memory by an experienced deputy at the scene were adequate and fully conveyed to defendant his rights (*see, People v Vega,* 225 AD2d 890, 891, *lv denied* 88 NY2d 943). In any event, defendant was subsequently readvised of his rights before a written statement was prepared. (Appeal from Judgment of Supreme Court, Livingston County, Sirkin, J.—Murder, 2nd Degree.) Present—Denman, P. J., Green, Wisner, Balio and Fallon, JJ.