■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND G. YOUNIS, JR., Appellant. (Appeal No. 1.) [696 NYS2d

324] —Judgment unanimously affirmed. Memorandum: County Court properly denied defendant's motion to suppress evidence consisting of pornographic photographs, video tape and computer images seized from his residence during a nighttime search. The warrant was signed after 9:00 P.M. and permitted a search at any hour of the day or night (*see,* CPL 690.35 [4] [a]). The Town Justice who signed the warrant properly considered that the search would be conducted after defendant was arrested at his place of work, and that "an immediate search was reasonably necessary because * * * the potential loss of evidence was a real concern, and the recovery of that evidence was essential to the continued progress of the investigation" (*People v Silverstein,* 74 NY2d 768, 769, *cert denied* 493 US 1019; *cf., People v Acevedo,* 179 AD2d 813, 813-814). Defendant's contention that the search warrant application failed to establish probable cause for the search is not preserved for our review (*see,* CPL 470.05 [2]) and, in any event, lacks merit. The search warrant application contained the "sworn deposition" of the 10-year-old male victim of defendant's crimes, and that deposition indicated the child's understanding of the difference between the truth and a lie. Contrary to defendant's contentions, the *Aguilar-Spinelli* test is satisfied (*see, Aguilar v Texas,* 378 US 108; *Spinelli v United States,* 393 US 410). The statement of the child was based upon his personal knowledge of the crimes, and he is an identified citizen informant (*see, People v Hetrick,* 80 NY2d 344, 348-349). (Appeal from Judgment Oswego County Court, McCarthy, J.— Use of Child Sexual Performance.) Present—Lawton, J. P., Hayes, Pigott, Jr., and Scudder, JJ.