■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANILO A. RODRIGUEZ, Appellant. [706 NYS2d 293] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]), defendant contends that County Court erred in denying his motion to suppress physical evidence on the ground that the search warrant was illegally executed at night. We agree with the court that the technical violations of CPL 690.30 and 690.35 do not warrant suppression. "[E]vidence seized pursuant to a warrant which improperly authorizes a nighttime search, in violation of statute, need not be suppressed" (*People v Dyla,* 142 AD2d 423, 437, *lv denied* 74 NY2d 808). This is because there is "a distinct trend in this area of the law toward a recognition that suppression of evidence is not always appropriate as a remedy for violations of technical rules which do not implicate Fourth Amendment rights" (*People v Dyla, supra,* at 439). Nighttime search provisions are not "of constitutional stature" (*United States v Searp,* 586 F2d 1117, 1124, *cert denied* 440 US 921; *see, People v Dyla, supra,* at 437-438 [violation of nighttime search provisions is statutory]).

In the instant case, the nighttime search violated the technical rules of the statute. The search warrant application did not request nor did the search warrant authorize nighttime execution (*cf., People v Silverstein,* 74 NY2d 768, 769, *cert denied* 493 US 1019; *People v Conklin,* 139 AD2d 156, 159, *lv denied* 72 NY2d 1044). The application, however, contained a request for execution "without notice". A similar "no knock" provision has been held to supply a basis for a nighttime search (*see, People v Harris,* 47 AD2d 385, 388-389). Further, the applica-

tion stated that defendant was arriving in Syracuse that night and that the search was for the purpose of seizing large quantities of narcotics, which are "readily disposed of." That supplies a sufficient basis to justify a nighttime search (*see, People v Roxby*, 224 AD2d 864, 865, *lv denied* 88 NY2d 884; *People v Eldridge*, 173 AD2d 975, 976-977). We conclude that authorization for a nighttime search would have been given had the proper request been made, and thus suppression was properly denied (*see, United States v Searp, supra,* at 1125).

The court also properly determined that the warrant was supported by probable cause. The affiants established that several of the confidential informants were credible and reliable and that they had a basis of knowledge through personal observation (*see, People v Griminger*, 71 NY2d 635, 638-639; *People v Hanlon*, 36 NY2d 549, 556). In addition, police investigation corroborated the facts alleged by the informants and the activities of defendant reasonably suggested criminal activity (*see, People v Bigelow*, 66 NY2d 417, 423-424; *see also, People v Elwell*, 50 NY2d 231, 234-235).

After a *Huntley* hearing, the court found that defendant's statements to police were voluntary and not the product of promises that would create a "substantial risk that the defendant might falsely incriminate himself" (CPL 60.45 [2] [b] [i]). Statements by police that cooperation may help a defendant do not render a statement involuntary (*see, People v Huntley*, 259 AD2d 843, *lv denied* 93 NY2d 972). The court found the testimony of the police credible, and that determination of credibility "should not be disturbed unless clearly unsupported by the record" (*People v Wilson*, 250 AD2d 788; *see also, People v Bugman*, 254 AD2d 796, *lv denied* 92 NY2d 980), which is not the case here.

Defendant forfeited his right to challenge the People's alleged failure to comply with the notice provisions of CPL 710.30 by moving to suppress the statements (*see, People v Robinson*, 225 AD2d 1095, *lv denied* 88 NY2d 884) and by pleading guilty (*see, People v Taylor*, 65 NY2d 1, 3-4, 6-7). Contrary to defendant's contention, defense counsel's failure to make a motion to preclude did not constitute ineffective assistance of counsel. "To prevail on a claim of ineffective assistance of counsel, it is incumbent on defendant to demonstrate the absence of strategic or other legitimate explanations for counsel's failure" to make a particular motion (*People v Rivera*, 71 NY2d 705, 709). The record establishes that the court informed defense counsel that it had granted extensions to the People to enable them to comply with the statute.

Although this is defendant's first conviction, the sentence of seven years to life is not unduly harsh or severe. Defendant was allowed to plead guilty to a lesser offense than that charged in the indictment. Had he been convicted of the most serious crime charged in the indictment, the minimum sentence would have been 15 years to life. (Appeal from Judgment of Onondaga County Court, Burke, J.—Criminal Possession Controlled Substance, 2nd Degree.) Present—Pine, J. P., Wisner, Hurlbutt, Kehoe and Lawton, JJ.