■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGGIE YOUNG, Appellant. [716 NYS2d 267] —Judgment unanimously affirmed. Memorandum: County Court properly denied defendant's request to submit to the jury the issue whether the only eyewitness to the crime was an accomplice. There was no evidence presented from which the jury could reasonably infer that the witness participated in the offenses and thus no basis for an accomplice-in-fact instruction (*see, People v Jones,* 73 NY2d 902, 903, *rearg denied* 74 NY2d 651). The "mere presence [of the witness] in the rear seat of the car, without more, did not constitute a reasonable basis for the jury to conclude that he was an accomplice within the meaning of CPL 60.22 (2)" (*People v Tucker,* 72 NY2d 849, 850).

The court properly precluded defendant from cross-examining the victim's girlfriend concerning other persons to whom the victim might have "done harm" in the past. "Although a defendant has the right to introduce evidence showing a clear link between a third party and the crime, he has no right to introduce proof that merely raises a suspicion that another person committed the crime" (*People v Bugman,* 254 AD2d 796, *lv denied* 92 NY2d 980; *see also, People v Wade,* 245 AD2d 473, *lv denied* 92 NY2d 862).

The claimed instances of prosecutorial misconduct were not so egregious that defendant was deprived of a fair trial (*see, People v Hopkins,* 58 NY2d 1079, 1083; *People v Plant,* 138 AD2d 968, *lv denied* 71 NY2d 1031). We decline to exercise our power to modify the sentence as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [b]). (Appeal from Judg-

ment of Oneida County Court, Donalty, J.—Murder, 2nd Degree.) Present—Pigott, Jr., P. J., Green, Pine, Balio and Lawton, JJ.