■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FURMAN GILMORE, Appellant. [776 NYS2d 327]—

Peters, J. Appeal from a judgment of the County Court of Greene County (Lalor, J.), rendered June 25, 2002, upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the fourth degree.

In July 2001, a "no-knock" search warrant was executed upon defendant's apartment in the Village of Catskill, Greene County. Police authorities seized, among other things, a plastic bag containing 11.21 grams of crack cocaine, plastic baggies, razor blades and a digital scale. Defendant was charged, in a two-count indictment, with one count of criminal possession of a controlled substance in the third degree and one count of crimi-

nal possession of a controlled substance in the fourth degree. After a hearing, County Court found the search warrant sufficient and refused to suppress the evidence seized. Defendant was ultimately found guilty of the crime of criminal possession of a controlled substance in the fourth degree and sentenced as a second felony offender to $7\frac{1}{2}$ to 15 years in prison.

Upon appeal, defendant challenges the issuance of the search warrant by asserting that it was not grounded upon probable cause. We disagree. When applying for the warrant, the issuing Magistrate was presented with sworn statements from both the paid informant who made two controlled buys of crack cocaine from defendant at this location while under police surveillance, as well as the investigator who organized the buys. The issuing Magistrate also heard testimony from both the investigator and the informant, thus obviating the need to establish the informant's reliability and basis of knowledge (*see Spinelli v United States*, 393 US 410 [1969]; *Aguilar v Texas*, 378 US 108 [1964]; *People v Mendoza*, 5 AD3d 810 [2004]; *People v Walker*, 244 AD2d 796 [1997]). Nor do we find the validity of the warrant undermined by the discrepancy between the drugs described by the informant and those discovered during the search. In reviewing the validity of the warrant, our focus must be upon the circumstances made known to the Magistrate at the time of its issuance (*see People v Nieves*, 36 NY2d 396, 402 [1975]; *Rossi v City of Amsterdam*, 274 AD2d 874, 876 [2000]) and not those which existed at the time of its execution (*see People v Nieves, supra* at 402). According great deference to the Magistrate's determination of probable cause (*see People v Sall [Baracar] [Seckal] [0-8]*, 295 AD2d 812, 813 [2002], *lvs denied* 98 NY2d 766, 771, 772, 773 [2002]), we find no error (*see People v Edwards*, 69 NY2d 814, 816 [1987]).

Upon our review of the evidence, the law and the circumstances existing, viewed in totality, as of the time of counsel's representation, we find no support for defendant's ineffective assistance of counsel claim (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Williams*, 301 AD2d 794, 796 [2003]). Counsel vigorously advocated on behalf of defendant and his success is illustrated by a verdict which sustained only one of the two charges despite evidence of two controlled buys (*see People v Baptiste*, 306 AD2d 562, 569 [2003], *lv denied* 1 NY3d 594 [2004]).

Having considered and rejected defendant's additional ascriptions of error, we affirm.

Cardona, P.J., Spain, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.