■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD D. LAUBER, Appellant. [827 NYS2d 745]—

Peters, J. Appeal from a judgment of the County Court of St. Lawrence County (Rogers, J.), rendered August 30, 2005, convicting defendant upon his plea of guilty of the crime of criminal possession of marihuana in the first degree.

A traffic stop in March 2004 resulted in the discovery of nine pounds of marihuana in a vehicle. The driver disclosed that he obtained the drugs from defendant's residence. Thereafter, Deputy Sheriff Christopher Duciewicz, who resided across the street from defendant, was asked by the St. Lawrence County Drug Task Force to monitor the activity at defendant's home. On April 9, 2004, Duciewicz observed a silver Jeep enter defendant's driveway and drive towards defendant's house. From his front window, Duciewicz, using a small pair of binoculars to observe the vehicle, saw a man alighting from the Jeep carrying an empty black bag. Duciewicz thereafter observed that same man exit defendant's house with the bag apparently filled. The individual driving that Jeep was later stopped by the police and marihuana was found in the black bag in the vehicle. Detective Sergeant William Carlisle, who was associated with the Drug Task Force, thereafter applied for a search warrant from a Brasher Town Justice (Mahoney, J.) shortly after midnight on that day.

The Justice was advised that it was Carlisle's intent to execute the warrant as soon as practicable which, under these circumstances, could be the middle of the night. Carlisle proffered specific information concerning both the March 2004 arrest and the arrest that night as a result of the information gleaned from Duciewicz's observation, and advised the Justice that he

intended to execute the warrant when he left. The Justice issued a warrant directing the police to execute said warrant "at any time of the day or night." Immediately thereafter, the police went to defendant's home, announced their presence, knocked, announced their presence again, waited a few seconds, and then forcibly entered. Defendant was asleep on the couch and their search revealed marihuana. Defendant was arrested and charged by a superior court information with criminal possession of marihuana in the first degree. After a hearing, defendant's motion to suppress the evidence was denied upon County Court finding a reasonable basis for the warrant and its nighttime execution. Defendant thereafter pleaded guilty to the charge and was sentenced to five years probation. He appeals.

We find no error of statutory or constitutional dimension arising from the failure of the search warrant application to specifically request an exception to the general rule that such warrant be executed only between the hours of 6:00 A.M. and 9:00 P.M. Clearly, the colloquy between Carlisle and the Town Justice enabled him to reasonably conclude that Carlisle was requesting the opportunity to execute the warrant in the early morning hours. Under these circumstances, and mindful that marihuana had been purchased from defendant only hours before the application, the issuance of an "all hours" warrant was appropriate (*see People v Crispell*, 110 AD2d 926, 927 [1985]). The failure to specifically request permission for nighttime entry was neither fatal to the validity of the warrant nor the ensuing search (*see People v Silverstein*, 74 NY2d 768, 769 [1989], *cert denied* 493 US 1019 [1990]).*

Nor do we find that Duciewicz's use of binoculars constituted an unreasonable search in violation of defendant's reasonable expectation of privacy. Simply residing in a house with a large tree-filled yard does not, in and of itself, indicate an intent to prohibit entry upon the premises. No evidence was presented that defendant warned of his intent to ensure privacy by posting "no trespassing" signs or building a high fence (*see People v Scott*, 79 NY2d 474, 491 [1992]).

We have considered defendant's other ascriptions of error and find them unpreserved.

Crew III, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.

---

* Had such warrant improperly authorized a nighttime search, suppression of evidence would not necessarily result (*see People v Rodriguez*, 270 AD2d 956, 956 [2000], *lv denied* 95 NY2d 870 [2000]; *People v Markiewicz*, 246 AD2d 914, 915-916 [1998], *lv denied* 91 NY2d 974 [1998]).