■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PAUL SHERWOOD, Respondent. [915 NYS2d 171]—

Egan Jr., J. Appeal from an order of the County Court of Schenectady County (Drago, J.), entered January 29, 2010, which granted defendant's motion to suppress evidence.

On December 23, 2008, Detective Anthony DiCarlo, Jr. of the City of Schenectady Police Department submitted an affidavit to Schenectady City Court in support of an application for a no-knock search warrant of defendant's apartment in the City of Schenectady, Schenectady County. DiCarlo's affidavit related

that, as a part of a burglary sting operation involving multiple police agencies, information had been elicited that a drug dealer by the street name of "G" or "Guns" was trading crack cocaine for stolen goods from his residence at 1681 Avenue A in Schenectady. DiCarlo attached sworn written statements from Scott Shafer and Anthony DeFilippo who explained that they had committed various residential burglaries in the area, taken stolen televisions, laptop computers and jewelry to defendant's apartment and traded them for crack cocaine.

At approximately 6:50 P.M., City Court granted the application for the no-knock warrant, executable between 6:00 A.M. and 9:00 P.M., and officers already conducting a surveillance of defendant's apartment were so notified. However, before the warrant could be executed, police observed defendant leave the premises at approximately 8:00 P.M. Wishing to delay execution of the search warrant until defendant returned, an officer telephoned City Court seeking permission to amend the search warrant to allow execution after 9:00 P.M. The court verbally granted that application and, when defendant returned to the premises, the search warrant was executed at approximately 10:30 P.M.

Upon entering defendant's home, certain physical evidence was seized and defendant made several incriminating statements regarding property and drugs located in the residence. At approximately 11:00 P.M., police made a second application, this time in writing, to amend the search warrant to allow its execution after 9:00 P.M. City Court granted this application and noted its amendment to the original warrant at approximately 11:08 P.M. Defendant was charged with one count each of criminal possession of a controlled substance in the fourth degree and criminal possession of stolen property in the third degree. Defendant later moved to suppress, alleging that the evidence seized, and his statements, were obtained as a result of an illegal search. After a joint *Mapp/Huntley* hearing, County Court granted defendant's motion upon the ground that the search was improperly executed at nighttime in violation of the Criminal Procedure Law and that no basis existed for a nighttime search. The People now appeal.

Generally, search warrants are to be "executed only between the hours of 6:00 A.M. and 9:00 P.M." (CPL 690.30 [2]), and prior to entering a premises, an officer must give notice to occupants of his or her authority and purpose (*see* CPL 690.50 [1]). However, a warrant application may request a no-knock provision (*see* CPL 690.35 [4] [b]) and/or that it be executable outside the time period between 6:00 A.M. and 9:00 P.M. (*see* CPL

690.35 [4] [a]). A request for a nighttime warrant may be based "upon the ground that there is reasonable cause to believe that (i) it cannot be executed between the hours of 6:00 A.M. and 9:00 P.M., or (ii) the property sought will be removed or destroyed if not seized forthwith, or (iii) in the case of an application for a search warrant as defined in [CPL 690.05 (2) (b)], the person sought is likely to flee or commit another crime, or may endanger the safety of the executing police officers or another person if not seized forthwith or between the hours of 9:00 P.M. and 6:00 A.M." (CPL 690.35 [4] [a]). A request for a no-knock warrant may be based "upon the ground that there is reasonable cause to believe that (i) the property sought may be easily and quickly destroyed or disposed of, or (ii) the giving of such notice may endanger the life or safety of the executing officer or another person, or (iii) in the case of an application for a search warrant as defined in [CPL 690.05 (2) (b)] for the purpose of searching for and arresting a person who is the subject of a warrant for a felony, the person sought is likely to commit another felony, or may endanger the life or safety of the executing officer or another person" (CPL 690.35 [4] [b]).

Initially, the written application to amend the search warrant, made at approximately 11:00 P.M., was ineffective since it was made after the warrant was executed (*see generally People v Ming*, 35 AD3d 962, 964 [2006], *lv denied* 8 NY3d 883 [2007]; *People v Clarke*, 173 AD2d 550, 550 [1991]). The telephonic application to amend the search warrant made orally to City Court prior to its execution did not comply with the Criminal Procedure Law because it was neither sworn nor recorded (*see* CPL 690.35 [1]; 690.36 [3]; 690.40 [3]; *see generally People v Crandall*, 108 AD2d 413, 415 [1985], *affd* 69 NY2d 459 [1987]). This failure constituted a technical violation, which does not justify the suppression of evidence where, as here, there exists a basis for the nighttime search in the initial written application (*see* CPL 690.30 [2]; *People v Silverstein*, 74 NY2d 768, 770 [1989], *cert denied* 493 US 1019 [1990]; *People v Lauber*, 36 AD3d 949, 950 [2007], *lv denied* 8 NY3d 924 [2007]; *People v Rodriguez*, 270 AD2d 956, 956-957 [2000], *lv denied* 95 NY2d 870 [2000]; *People v Eldridge*, 173 AD2d 975, 976-977 [1991]; *People v Dyla*, 142 AD2d 423, 437 [1988], *lv denied* 74 NY2d 808 [1989]; *People v Crispell*, 110 AD2d 926, 927 [1985]).

This Court has previously held that "[w]here . . . there is probable cause to believe that a particular location contains saleable quantities of a controlled substance, which could be quickly destroyed, an all-hours, no-knock search warrant is justified" (*People v Bell*, 299 AD2d 582, 584 [2002], *lv denied* 99

NY2d 555 [2002]). When an initial search warrant application alleges that drugs are being sold out of the premises to be searched, an issuing judge may properly infer that these drugs can be easily destroyed, thus providing a sufficient basis for the issuance of a no-knock warrant (*see People v De Lago*, 16 NY2d 289, 292 [1965], *cert denied* 383 US 963 [1966]; *People v Lewis*, 25 AD3d 824, 826 [2006], *lv denied* 7 NY3d 791 [2006]; *People v Roxby*, 224 AD2d 864, 865 [1996], *lv denied* 88 NY2d 884 [1996]; *People v Eldridge*, 173 AD2d at 977). To this end, when a no-knock provision is justified on this basis as a result of the initial search warrant application, a nighttime search will also be justified, even when it was not requested as part of the initial application (*see People v Henderson*, 307 AD2d 746, 746 [2003], *lv denied* 100 NY2d 595 [2003]; *People v Harris*, 47 AD2d 385, 389 [1975]), and even though the search warrant does not expressly provide for nighttime execution (*see People v Rodriguez*, 270 AD2d at 956).

Here, the allegations in the initial search warrant application provided probable cause to believe that a saleable quantity of drugs was present on the premises, from which the issuing court could infer that these drugs may be easily and quickly destroyed or disposed of. Thus, there was sufficient basis in the initial application for the issuance of a nighttime warrant (*see* CPL 690.35 [4] [a]), and the failure to comply with the procedural requirements for obtaining a nighttime search warrant are technical violations of the Criminal Procedure Law that do not justify the suppression of the evidence found as a result of the warrant's execution (*see* CPL 690.30 [2]; *People v Silverstein*, 74 NY2d at 769; *People v Lauber*, 36 AD3d at 950; *People v Rodriguez*, 270 AD2d at 956; *People v Eldridge*, 173 AD2d at 976-977; *People v Dyla*, 142 AD2d at 437; *People v Crispell*, 110 AD2d at 927). Likewise, we find that the statements made by defendant during the warrant's execution, including "[t]he s . . . in the house is mine," and "I got three grams in my pocket you're going to find," were spontaneous and voluntarily uttered by defendant in response to an officer's routine questions directed to defendant's wife. Accordingly, suppression of defendant's statements, obtained as a result of the lawful search, is not warranted (*see People v Ferro*, 63 NY2d 316, 322 [1984], *cert denied* 472 US 1007 [1985]; *People v Nesbitt*, 56 AD3d 816, 819 [2008], *lv denied* 11 NY3d 928 [2009]; *People v Burgess*, 241 AD2d 765, 767 [1997], *lv denied* 91 NY2d 870 [1997]).

Mercure, J.P., Peters, Rose and Malone Jr., JJ., concur. Ordered that the order is reversed, on the law, motion denied, and matter remitted to the County Court of Schenectady County

for further proceedings not inconsistent with this Court's decision.