■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK FERGUSON, Appellant. [24 NYS3d 442]—

Clark, J. Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered May 15, 2013, upon a verdict convicting defendant of the crime of robbery in the first degree.

On May 20, 2012 at approximately 9:20 p.m., Officer Benny Reyes of the Kingston Police Department responded to 190 Tremper Avenue in the City of Kingston, Ulster County to investigate allegations of an assault and robbery. The victim of the alleged crimes, who had blood on his clothing, told Reyes

that he was walking down the street when two people, one of whom was defendant, forced him at knife point into the first-floor apartment located at that address. The victim further indicated to Reyes that a struggle ensued during which defendant was injured by the knife.

At the alleged crime scene, police officers' knocks went unanswered and their attempts to see through the windows into the apartment were unsuccessful. After examining the interior common area and the exterior of the building without finding any blood, Reyes and two other officers obtained a key from the landlord—who indicated that the apartment was rented to defendant and that he had heard "disturbing sounds" coming from inside earlier that day. They entered the apartment to conduct a cursory sweep search to determine if anyone was injured inside. Finding no one, the officers left the apartment after approximately two minutes without seizing any evidence. Thereafter, one of the officers applied for a search warrant executable at any time of the day or night, while other police officers secured each entrance of the apartment. After the search warrant application was granted permitting an all-hours search, the warrant was executed at approximately 12:50 a.m., which resulted in the seizure of certain physical evidence implicating defendant in the crimes.

Defendant and a codefendant were thereafter charged by a three-count indictment with robbery in the first degree, unlawful imprisonment in the first degree and robbery in the third degree.[1] Following a suppression hearing, County Court denied defendant's motion to suppress the property seized as a result of the middle of the night execution of the search warrant. Defendant was thereafter convicted by a jury of one count of robbery in the first degree and was sentenced to 10 years in prison followed by five years of postrelease supervision. Arguing only that there did not exist any basis for the middle of the night search of the apartment and, as such, County Court erred in denying his motion to suppress, defendant appeals. We disagree and, therefore, affirm.

Generally, search warrants are to be "executed only between the hours of 6:00 [a.m.] and 9:00 [p.m.]" (CPL 690.30 [2]). However, a search after 9:00 p.m. for the purpose of seizing designated property may be authorized when the application for the search warrant alleges that "there is reasonable cause to believe that (i) [the warrant] cannot be executed between

---

1. It appears from the record that defendant's case was severed from that of his codefendant at some point after the pretrial suppression hearing and before the jury trial.

the hours of 6:00 [a.m.] and 9:00 [p.m.], *or* (ii) the property sought will be removed or destroyed if not seized forthwith" (CPL 690.35 [4] [a] [i], [ii] [emphasis added]; *see People v Sherwood*, 79 AD3d 1286, 1287-1288 [2010]). When undertaking to review the validity of a search warrant, "the critical facts and circumstances for the reviewing court are those which were made known to the issuing [court] at the time the warrant application was determined," rather than "the circumstances as they existed at the time the warrant was executed" (*People v Nieves*, 36 NY2d 396, 402 [1975]; *see People v Gilmore*, 6 AD3d 748, 749 [2004], *lv denied* 3 NY3d 640 [2004]; *Rossi v City of Amsterdam*, 274 AD2d 874, 876 [2000]). Of particular relevance herein, defendant bears the burden of establishing "that the search warrant application contained a false statement made knowingly, intentionally or recklessly" (*People v Folk*, 44 AD3d 1095, 1097 [2007], *lv denied* 9 NY3d 1006 [2007]; *see People v Richardson*, 28 AD3d 1002, 1005 [2006], *lv denied* 7 NY3d 817 [2006]). "Notably, the [issuing] court's determination that probable cause existed must be afforded great deference" (*People v Sall*, 295 AD2d 812, 813 [2002], *lv denied* 98 NY2d 771 [2002] [internal quotation marks and citations omitted]; *see People v Gilmore*, 6 AD3d at 749; *People v German*, 251 AD2d 900, 901 [1998], *lv denied* 92 NY2d 897 [1998]).

Here, a review of the written search warrant application before the issuing court indicates that the officers confirmed and secured what appeared to be a crime scene and requested authorization to execute the warrant at any time of the day or night, alleging that "there is reasonable cause to believe that: (a) [the warrant] cannot be executed between 6 [a.m.] and 9 [p.m.] because members [sic][2] [and/or] (b) the property sought to be seized may be destroyed if not seized forthwith, because the [p]roperty sought to be seized can easily be destroyed or removed." In support of the application, the deponent, a detective with the Kingston Police Department, asserted that, at about 8:38 p.m. on May 20, 2012, the police received a call from the victim alleging that he was robbed, and, during the ensuing investigation, he noticed blood on the victim's shirt and learned that the victim was dragged at knife point into the subject apartment and robbed of money and personal belongings. A statement from the victim, which was attached to the

---

**2.** To the extent that the warrant application contains an incomplete sentence, any failure in this regard constituted a technical violation, which does not require the suppression of evidence (*see People v Silverstein*, 74 NY2d 768, 770 [1989], *cert denied* 493 US 1019 [1990]; *People v Lauber*, 36 AD3d 949, 950 [2007], *lv denied* 8 NY3d 924 [2007]).

search warrant application, detailed that, among other things, defendant placed a knife at the victim's throat, dispossessed him of his valuables, including $1,500 in cash and a gold ring, and tried to stab him. The victim's statement also provided that defendant cut himself with the knife and was bleeding a lot.

Despite defendant's contention to the contrary, the record before us supports the determination that an immediate middle of the night search of the apartment was reasonably necessary because of the potential loss of evidence, the recovery of that evidence was essential to the continued progress of the investigation and the whereabouts of the suspects of this violent crime were still unknown (see People v Silverstein, 74 NY2d 768, 769 [1989], cert denied 493 US 1019 [1990]). By the time that the police completed the interview of the victim, took the written statement and conducted a photographic identification procedure, it was after midnight. The practicalities of the situation establish that it would have been unreasonable for the police to wait an additional five or six hours to execute a warrant under these circumstances.

Thus, limiting our focus to the circumstances made known to the issuing court at the time the warrant was issued and according deference to that court's determination regarding the existence of reasonable cause, we find that County Court could reasonably infer that the crucial evidence of the alleged robbery, including the suspect's blood, the knife and the property robbed from the victim, were inside the subject apartment and that those items could be readily destroyed or disposed of by the suspect (see People v Rose, 31 NY2d 1036, 1038 [1973, Jones, J., dissenting]).[3] Furthermore, defendant failed to sustain his burden of demonstrating that the search warrant application contained a false statement made knowingly, intentionally or recklessly (see People v Folk, 44 AD3d at 1097; People v Richardson, 28 AD3d at 1005). Accordingly, the middle of the night search here was not unreasonable and County Court properly denied defendant's motion to suppress the evidence seized pursuant to the search warrant.

Peters, P.J., Lahtinen, Garry and Rose, JJ., concur. Ordered that the judgment is affirmed.

3. We note that the search warrant application here made no request for a no-knock search and, therefore, the applicable standard of necessary proof is reasonable cause (see CPL 690.35 [4] [a]; People v Rose, 31 NY2d at 1038; compare People v Sherwood, 79 AD3d at 1288-1289).