People v Tucker (2019 NY Slip Op 05274)





People v Tucker


2019 NY Slip Op 05274


Decided on June 28, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND CURRAN, JJ.


229 KA 16-02332

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DYQUANN M. TUCKER, DEFENDANT-APPELLANT. 






BRIDGET L. FIELD, ROCHESTER, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Joanne M. Winslow, J.), rendered September 19, 2014. The judgment convicted defendant, upon a nonjury verdict, of criminal possession of a controlled substance in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him following a nonjury trial of criminal possession of a controlled substance in the second degree (Penal Law § 220.18 [1]), we reject defendant's contention that the evidence is legally insufficient to establish his constructive possession of cocaine found in the basement of his parents' residence. During the execution of the search warrant for the residence, the police also found certain personal possessions in the basement, which was being used as a sleeping area. Those items included mail addressed to defendant at the residence searched, as well as a job application and prescriptions bearing defendant's name. Documents belonging to defendant were not found in any other sleeping area, nor did police recover items bearing any other family member's name from the basement. The evidence is thus legally sufficient to establish defendant's constructive possession of the cocaine (see People v Holland, 126 AD3d 1514, 1515 [4th Dept 2015], lv denied 25 NY3d 1165 [2015]; People v Holley, 67 AD3d 1438, 1439 [4th Dept 2009], lv denied 14 NY3d 801 [2010]; People v Lopez, 112 AD2d 739, 739-740 [4th Dept 1985]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). In addition, viewing the evidence in light of the elements of the crime in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see People v Archie, 78 AD3d 1560, 1561-1562 [4th Dept 2010], lv denied 16 NY3d 856 [2011]; People v Patterson, 13 AD3d 1138, 1139 [4th Dept 2004], lv denied 4 NY3d 801 [2005]; see generally Bleakley, 69 NY2d at 495).
Contrary to defendant's further contention, the search warrant was valid and Supreme Court thus properly refused to suppress physical evidence seized during its execution. The court properly determined that the People established the reliability of their confidential informant and the basis for his knowledge in satisfaction of the Aguilar-Spinelli test (see People v Baptista, 130 AD3d 1541, 1541-1542 [4th Dept 2015], lv denied 27 NY3d 991 [2016]; People v Henry, 74 AD3d 1860, 1861-1862 [4th Dept 2010], lv denied 15 NY3d 852 [2010]; see generally People v Bigelow, 66 NY2d 417, 423 [1985]). Further, suppression was not warranted based on the inclusion of a no-knock provision in the warrant, even if the provision was not requested in the application for the warrant, inasmuch as the evidence in the application was sufficient to justify the provision (see CPL 690.35 [4] [b]; People v Sherwood, 79 AD3d 1286, 1288-1289 [3d Dept 2010]; People v Rodriguez, 270 AD2d 956, 956-957 [4th Dept 2000], lv denied 95 NY2d 870 [2000]).
Defendant also contends that the court erred in admitting in evidence an oral statement of defendant regarding his address for which no CPL 710.30 notice had been given. The statement at issue was defendant's response to a question about where he resided, and it was made to one of [*2]the principal investigators, who had executed a search warrant at the home of defendant's parents. As the People correctly concede, defendant's statement regarding his address was not pedigree information for which no CPL 710.30 notice was required (see generally People v Slade, 133 AD3d 1203, 1206 [4th Dept 2015], lv denied 26 NY3d 1150 [2016]) because, under the circumstances of this case, the investigator's question was likely to elicit an incriminating admission and had a "necessary connection to an essential element of [the possessory] crime[] charged" (People v Velazquez, 33 AD3d 352, 354 [1st Dept 2006], lv denied 7 NY3d 929 [2006]). The court thus erred in admitting the statement in evidence in the absence of a CPL 710.30 notice (see People v Buza, 144 AD3d 1495, 1496-1497 [4th Dept 2016]). We further conclude, however, that because the evidence against defendant is overwhelming and there is no reasonable possibility that the verdict would have been different had the statement been precluded, the error is harmless (see People v Rupert, 136 AD3d 1311, 1312 [4th Dept 2016], lv denied 27 NY3d 1075 [2016]; People v Roosevelt, 125 AD3d 1452, 1454 [4th Dept 2015], lv denied 25 NY3d 1076 [2015]; see generally People v Crimmins, 36 NY2d 230, 237 [1975]).
Entered: June 28, 2019
Mark W. Bennett
Clerk of the Court