■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL GREY, Appellant.—Mikoll, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered August 29, 1986, convicting defendant upon his plea of guilty of the crime of promoting prison contraband in the first degree.

Defendant, an inmate at Elmira Correctional Facility, entered a negotiated plea of guilty to the crime of promoting prison contraband in the first degree. He was sentenced as a predicate felon to 2 to 4 years' imprisonment to run consecutive to the sentence he was already serving.

On this appeal, defendant argues that he was denied his statutory right to appear and testify before the Grand Jury pursuant to CPL 190.50 (5) (a) and that this denial was a violation of his due process rights. Defendant further asserts that CPL 190.50 (5) (a) is discriminatory in that it does not accord him rights equal to those individuals charged with crimes who are not inmates.

These arguments are not persuasive. Furthermore, defendant waived these issues by his plea of guilty (see, People v

*Taylor,* 65 NY2d 1; *People v Knapp,* 122 AD2d 305; *People v Stewart,* 122 AD2d 236). His appearance before the Grand Jury would have been for the purpose of giving testimony relating to his guilt or innocence, and the right to present such evidence was waived when he entered his guilty plea *(see, People v Taylor, supra).* Defendant's motion to enforce his right to notification of the Grand Jury proceeding was properly denied by County Court since it was untimely *(see,* CPL 190.50 [5] [c]). Additionally, since there had been no undisposed of felony complaint pending against defendant in a local criminal court, he was not entitled to such notification under CPL 190.50 (5) (a) *(see, People v Anderson,* 127 AD2d 885, 886).

Judgment affirmed. Mahoney, P. J., Kane, Weiss, Mikoll and Levine, JJ., concur.