■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOE ROBERTS, Appellant.—Judgment, Supreme Court, New York County (Jay Gold, J.), rendered July 13, 1988, which convicted defendant, on his plea of guilty, of attempted burglary in the second degree and sentenced him, as a predicate felony offender, to a term of imprisonment of from 2½ to 5 years, is unanimously affirmed.

Defendant's only point on appeal is that his plea of guilty should not have been accepted by the trial court without it first having decided his *pro se* motion to dismiss the indictment because of his attorney's failure to notify the District Attorney of his intent to appear before the Grand Jury and the District Attorney's failure to notify him of the Grand Jury proceeding. We disagree. A defendant who pleads guilty waives any nonjurisdictional claims that he might have asserted based upon events or circumstances prior to the plea *(People v Fernandez,* 67 NY2d 686). Indeed, such a waiver has been held effective specifically as against the right to testify before the Grand Jury *(People v Roberson,* 149 AD2d 926;

*People v Grey*, 135 AD2d 1031; *People v Ferrara*, 99 AD2d 257). Concur—Kupferman, J. P., Milonas, Ellerin, Wallach and Rubin, JJ.