■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS L. JEFFREY, Appellant. (Appeal No. 1.) [659 NYS2d 602] —Judgment unanimously affirmed. Memorandum: Defendant appeals from three judgments convicting him upon his plea of guilty of criminal sale of a controlled substance in the fourth degree, attempted criminal possession of stolen property in the third degree and criminal sale of a controlled substance in the fifth degree. Defendant was sentenced as a second felony offender to an aggregate term of incarceration of 11 to 22 years. Defendant contends that his plea was not knowingly and voluntarily entered and that the sentence is unduly harsh or severe and constitutes cruel and unusual punishment.

By failing to move to withdraw his guilty plea or vacate the conviction, defendant has failed to preserve for our review his contention that his plea was not knowingly and voluntarily entered. In any event, the record establishes that defendant had ample time to confer with counsel before accepting the offer and stated during his plea colloquy that he was voluntarily pleading guilty and had not been threatened or forced to do so. We reject the contention that the court erred in accepting the guilty plea without making further inquiry to assure defendant's intelligent waiver of the defense of agency. The record establishes that the court made appropriate inquiry (*see, People v Lopez*, 71 NY2d 662, 666; *People v Beasley*, 25 NY2d 483, 487-488), repeatedly asking defendant if he had obtained a benefit

as a result of the cocaine sales and informing defendant that he might have a good defense if he had merely acted as an agent for the buyers.

There is no merit to the contention that the sentence is unduly harsh or severe or that it constitutes cruel or unusual punishment. This is not one of those "rare" cases in which a sentencing statute has been unconstitutionally applied (*People v Broadie*, 37 NY2d 100, 119, *cert denied* 423 US 950; *see, People v Thompson*, 83 NY2d 477; *People v Donovan*, 59 NY2d 834, *affg* 89 AD2d 968; *People v Jones*, 39 NY2d 694). (Appeal from Judgment of Niagara County Court, Fricano, J.—Criminal Sale Controlled Substance, 4th Degree.) Present—Denman, P. J., Green, Doerr, Balio and Fallon, JJ.