■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES TINKHAM, Appellant. [711 NYS2d 522] —Carpinello, J. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered November 16, 1998, convicting defendant upon his plea of guilty of the crimes of sodomy in the first degree and use of a child in a sexual performance.

On May 5, 1998, a 14-count indictment was handed up against defendant charging him with multiple felony and misdemeanor crimes involving sexual conduct with two girls, ages eight and nine. Following unsuccessful motions to dismiss the indictment, suppress physical evidence and suppress a written statement to police, a trial on the charges commenced. On the second day of testimony, defendant pleaded guilty to one count of sodomy in the first degree and one count of using a child in a sexual performance in satisfaction of the entire indictment, as well as all other previous acts of sexual misconduct committed in Washington County, with the express understanding that he would be sentenced as a second felony offender to the maximum on each count. Sentenced as a second felony offender to concurrent prison terms of 25 years and 7½ to 15 years, respectively, defendant appeals.

We address first defendant's general claim that his guilty plea should be set aside. Defendant's failure to move to withdraw the plea or to vacate the judgment of conviction precludes our review of this challenge (*see*, CPL 220.60 [3]; 440.10 [1]; *see also, People v Toxey*, 86 NY2d 725; *People v Lopez*, 71 NY2d 662, 665; *People v Jeffrey*, 239 AD2d 953, *lv denied* 90 NY2d 894; *People v Bonneau*, 142 AD2d 890, 891, *lv denied* 73 NY2d 889). Moreover, the record discloses that the plea, encompassing all elements of sodomy in the first degree and the use of a child in a sexual performance (*cf., People v Ocasio*, 265 AD2d 675), was knowingly, intelligently and voluntarily entered into by defendant after a sufficient amount of

time to confer with counsel. During the colloquy, defendant was fully apprised of the ramifications of pleading guilty, communicated to County Court that he was not forced into doing so by anyone and detailed the sexual acts which constituted the basis of the charges. Thus, the instant case is not one of those rare instances where, even in the absence of preservation, the sufficiency of the plea allocution may be challenged on direct appeal (*cf.*, *id.*; *see*, *People v Lopez*, *supra*). Moreover, by pleading guilty, defendant has waived review of the contention that he was denied the right to appear before the Grand Jury (*see*, *People v Tower*, 256 AD2d 1132, *lv denied* 93 NY2d 858; *People v Dennis*, 223 AD2d 814, 815, *lv denied* 87 NY2d 972; *People v Grey*, 135 AD2d 1031; *see generally*, *People v Bostick*, 235 AD2d 287, *lv denied* 89 NY2d 1089).

We next reject defendant's contention that County Court erred in refusing to suppress physical evidence seized from his residence pursuant to a search warrant. Testimony adduced at a combined *Huntley/Mapp* hearing reveals that the search warrant application was based upon the supporting depositions of the two victims (*see*, CPL 690.35 [3] [c]), in which each detailed instances of sexual contact with defendant and stated, after indicating an understanding of the difference between the truth and a lie, that the statement was the truth (*see*, *People v Younis*, 265 AD2d 931, *lv denied* 94 NY2d 887). These written statements provided probable cause for the issuance of the search warrant; therefore, even though each victim also appeared before the issuing court (*see*, CPL 690.40 [1]), it was not necessary to record their statements or summarize same on the record (*see*, *People v Dominique*, 229 AD2d 719, *affd* 90 NY2d 880; *People v McGourty*, 188 AD2d 679, 680-681, *lv denied* 81 NY2d 843; *People v Israel*, 161 AD2d 730).

We also reject defendant's claim that County Court erred in denying his motion to suppress his written statement to police on the ground that he was never informed of his right to remain silent. County Court found, and our review of the uncontradicted evidence at the combined *Huntley/Mapp* hearing confirms, that defendant was fully informed of *all Miranda* rights—including the right to remain silent—prior to questioning and that he readily understood and waived these rights (*see, e.g.*, *People v Michaud*, 248 AD2d 823, 824, *lv denied* 91 NY2d 1010).

As a final matter, in view of the atrocious nature of defendant's conduct in this case and the fact that he entered into the guilty plea knowing that the maximum sentence would be imposed, we reject his claim that the sentence is excessive (*see*, *People v Koury*, 268 AD2d 896; *People v Nailor*, 268 AD2d 695).

Defendant's remaining contentions have been reviewed and rejected as unpersuasive.

Cardona, P. J., Graffeo, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.