■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD MCFADGEN, Appellant. [711 NYS2d 845] —Spain, J. Appeal from a judgment of the County Court of Clinton County (McGill, J.), rendered July 31, 1998, convicting defendant upon his plea of guilty of the crime of aggravated harassment of an employee by an inmate.

While incarcerated at Clinton Correctional Facility in Clinton County serving a sentence for manslaughter in the first degree, defendant was indicted on a single count of aggravated harassment of an employee by an inmate (Penal Law § 240.32). Defendant admitted that he threw feces at a correction officer, but claimed that he was justified in doing so. Defendant apparently believed that his food was being contaminated by facility staff in an effort to poison him, and he acted out of frustration when his numerous grievances and requests for chemical testing were denied. Based upon allegations in defendant's omnibus motion, County Court ordered a CPL article 730 examination and thereafter ordered that a hearing be held. Prior to the hearing, defense counsel was relieved of his assignment based upon a potential conflict of interest and new counsel was assigned. As a result of the hearing pursuant to CPL 730.30 (3), County Court found that defendant was not competent to stand trial.

After defendant was treated at a mental health facility, it was determined—after an examination—that he had become competent to stand trial. At a pretrial conference, County Court concluded that defendant's claims of food contamination and the denial of his grievances and other requests related thereto were insufficient to raise a justification defense. Accordingly, the court ruled that defendant could not subpoena witnesses to testify about those claims. Defense counsel suggested that the more appropriate defense would be an insanity defense but acknowledged that his client did not wish to pursue that defense. The court and the prosecutor both noted that no notice of a defense based on mental disease or defect had been filed. Defendant thereafter elected to accept the pending plea offer and upon his plea of guilty to the single-count indictment, he was sentenced to the minimum allowable prison term.

Defendant's initial claim that, despite the lack of timely notice, County Court erred in precluding defendant from assert-

ing a mental disease or defect defense was not preserved for our review. The ruling was "discretionary * * * addressing procedural timeliness, and defendant's ability to challenge it was forfeited by his plea" (*People v Di Donato*, 87 NY2d 992, 993). Further, we see no reason to reach a different conclusion with regard to defendant's claim that his rights were violated by County Court's ruling on the justification defense.

A guilty plea " 'necessarily involves the surrender of certain constitutional rights * * *' [and it] not only constitutes an actual waiver of certain rights associated with a trial, but [it] also effects a forfeiture of the right to renew many arguments made before the plea" (*People v Taylor*, 65 NY2d 1, 5, quoting *People v Lynn*, 28 NY2d 196, 201-202). "[W]here defendant has by his plea admitted commission of the crime with which he was charged, his plea renders irrelevant his contention that the criminal proceedings preliminary to trial were infected with impropriety and error; his conviction rests directly on the sufficiency of his plea, not on the legal or constitutional sufficiency of any proceedings which might have led to his conviction after trial" (*People v Di Raffaele*, 55 NY2d 234, 240). Thus, there is only a "limited group of questions which survive a plea and may subsequently be raised on appeal" (*People v Di Donato, supra*, at 993). The rulings challenged by defendant herein do not involve the type of fundamental defect that warrants postplea review (*see, People v Gerber*, 182 AD2d 252, 261-262, *lv denied* 80 NY2d 1026; *see also, People v Taylor, supra*, at 5).

Defendant also claims that he was deprived of the effective assistance of counsel by assigned counsels' failure to timely raise the mental disease or defect defense. The record, however, demonstrates that the failure to timely raise the insanity defense was not the result of any inadequacy in the assistance provided by either counsel, but instead was a direct result of defendant's insistence that counsel pursue a justification defense and not an insanity defense. It is apparent that defendant's first assigned counsel was so concerned about defendant's insistence on the justification defense that he raised the issue of defendant's competency. Nevertheless, even after defendant was determined to be competent, and despite substitute assigned counsel's advice to pursue an insanity defense, defendant insisted that counsel proceed with the justification defense and not an insanity defense. In these circumstances, there is no basis for defendant's ineffective assistance of counsel claim (*see, People v Morton*, 173 AD2d 1081, 1084-1085, *lv denied* 78 NY2d 1129; *People v Gayles*, 122 AD2d 222, 223).

In view of defendant's failure to move either to withdraw the plea or to vacate the judgment of conviction, his final contention that the plea was not knowing, intelligent and voluntary is not preserved for review (*see, People v Ferreri*, 271 AD2d 805; *People v Epps*, 255 AD2d 840). In any event, the record provides no support for such a claim. Defendant was fully informed of the rights he would be forfeiting by the plea, and he acknowledged that he understood those rights and that his plea was voluntary. Moreover, the record contains no evidence that defendant was taking any medication that could have impaired his ability to understand the proceedings. Accordingly, there is no basis to disturb the judgment.

Crew III, J. P., Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.