■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE NEGRON, Appellant. [721 NYS2d 149] —Lahtinen, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered July 29, 1999, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the fifth degree.

In satisfaction of an eight-count indictment, defendant entered a plea of guilty to the reduced charge of criminal sale of a controlled substance in the fifth degree. He also waived the right to appeal. Sentenced to the agreed-upon parole supervision in an intensive drug treatment program, defendant now appeals, claiming that County Court erred in accepting his plea.

According to defendant, the People had no laboratory report to establish that the substance he sold was a controlled substance and he was unaware of that deficiency in the People's proof when he entered his plea. To the extent that defendant's argument constitutes a challenge to the knowing, intelligent and voluntary nature of his plea, that challenge has not been preserved for our review as a result of defendant's failure to move either to withdraw the plea or to vacate the judgment (*see, People v McFadgen*, 274 AD2d 830, 832). County Court

conducted an appropriate plea allocution and the record establishes that this is not one of those rare cases where the court had a duty to inquire further to ensure that defendant's plea was knowing and voluntary (*see, People v Lopez*, 71 NY2d 662, 666). To the extent that defendant's argument constitutes a challenge relating to one of the factual elements of the crime charged, that challenge was forfeited by the guilty plea, which removed the issue of factual guilt from the case (*see, People v Taylor*, 65 NY2d 1, 5). There is only a "limited group of questions which survive a plea" (*People v Di Donato*, 87 NY2d 992, 993) and defendant's argument does not involve the type of fundamental matter that is preserved despite the guilty plea (*see, People v Taylor, supra*, at 5). Finally, defendant's knowing and voluntary waiver of the right to appeal precludes review of his claim regarding the severity of the sentence (*see, People v Hidalgo*, 91 NY2d 733), a claim which we would find without merit in any event.

Crew III, J. P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.