■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS LAMBE, Appellant. [722 NYS2d 437] —Lahtinen, J. Ap-

peal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered December 2, 1999, convicting defendant upon his plea of guilty of two counts of the crime of criminal sale of a controlled substance in the third degree.

Defendant pleaded guilty to two counts of criminal sale of a controlled substance in the third degree in satisfaction of a 12-count indictment charging him with various drug-related crimes. Defendant's guilty plea was entered with the understanding that he would be sentenced to concurrent indeterminate terms of imprisonment of 3 to 9 years and waive his right to appeal. Defendant was sentenced in accordance with the terms of the plea bargain but now appeals claiming his plea was not knowingly, voluntarily and intelligently entered.

We affirm. Inasmuch as defendant failed to move to either withdraw his plea or vacate the judgment of conviction, he has not preserved his claim for our review (*see, People v McFadgen,* 274 AD2d 830, 832, *lv denied* 95 NY2d 966; *People v Ferreri,* 271 AD2d 805, *lv denied* 95 NY2d 834). Nevertheless, were we to consider the merits we would not find that County Court employed threats or coercion to induce defendant to enter a plea. The fact that the court informed defendant of the potential sentence to which he was exposed under the indictment does not render the guilty plea involuntary (*see, People v Campbell,* 236 AD2d 877, 878; *People v Mackey,* 175 AD2d 346, 347, *lv denied* 78 NY2d 969). Furthermore, we reject defendant's claim that the sentence is harsh and excessive. The sentence, which is well within statutory guidelines, was agreed to by defendant as part of the plea bargain and we perceive no abuse of discretion or extraordinary circumstances warranting a reduction in the interest of justice (*see, People v Squire,* 273 AD2d 706; *People v Turley,* 267 AD2d 600, 601, *lv denied* 94 NY2d 926).

Crew III, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.