■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL JONES, Appellant. [734 NYS2d 729] —Lahtinen, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered November 23, 1999, convicting defendant upon his plea of guilty of the crime of assault in the second degree.

Defendant was initially charged by felony complaint with assault in the first degree for slashing and stabbing a victim with a razor blade. He thereafter waived indictment and consented to prosecution by a superior court information which charged him with assault in the second degree. Pursuant to a plea bargain, defendant entered a plea of guilty to the charge, waived the right to appeal and was sentenced to the agreed-upon five-year determinate prison term. Defendant now appeals, claiming ineffective assistance of counsel and harsh and excessive sentence.

"To the extent that a claim of ineffective assistance of counsel impacts on the voluntariness of a defendant's guilty plea, the claim survives a waiver of the right to appeal * * *, but the claim must ordinarily be preserved by a motion to withdraw the plea or a motion to vacate the judgment of conviction * * *" (*People v Johnson*, 288 AD2d 501, 502 [citations omitted]). The record in this case contains nothing which would warrant an exception to the preservation doctrine (*see, People v Goodings*, 277 AD2d 725, *lv denied* 96 NY2d 735). In any event, defendant received an advantageous plea bargain and nothing in the record casts doubt on the apparent effectiveness of his counsel (*see, People v Smith*, 263 AD2d 676, *lv denied* 93 NY2d 1027). Defendant's claim regarding the severity of the sentence is encompassed by his waiver of the right to appeal (*see, People v Hidalgo*, 91 NY2d 733, 737). Nevertheless, the record reveals neither an abuse of discretion in the sentence imposed nor any extraordinary circumstances which would warrant our modification of the sentence in the interest of justice.

Cardona, P. J., Peters, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.