■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN HARRIS, Appellant. [741 NYS2d 142] —Rose, J. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered January 12, 2000, convicting defendant upon his plea of guilty of the crime of robbery in the first degree.

Defendant was charged with multiple counts of robbery in the first and second degrees in connection with three separate armed robberies that occurred over a period of two days in the City of Schenectady, Schenectady County. During the resulting jury trial, defendant negotiated a plea agreement which included a sentence cap of 11 years in prison. He then pleaded guilty to a single count of robbery in the first degree in satisfaction of the entire indictment, and waived his right to appeal from the conviction and sentence. Following a presentence investigation, County Court sentenced defendant, as a second felony offender, to a determinate prison term of 11 years. He now appeals and we affirm.

Defendant contends that, given his "prior protestations of innocence," County Court erred in accepting his guilty plea. To the extent that this claim implicates the voluntariness of his plea, we agree that it has not been waived (*see*, *People v Doty*, 267 AD2d 616, 617). Such a claim, however, is not preserved for appellate review where, as here, it is not first raised before County Court by a motion to either withdraw the plea or vacate the judgment of conviction (*see*, *People v Lambe*, 282 AD2d 776, 777; *People v McFadgen*, 274 AD2d 830, 832, *lv denied* 95 NY2d 966). Were we to consider the issue of whether County Court made a searching inquiry regarding defendant's guilt, we would note that his only prior protestation of innocence of the charges was included among numerous allegations of error that he made to the court on June 16, 1999, six months before he entered his guilty plea. By contrast, defendant's plea allocution revealed factual specifics of the crimes charged, and it cast no doubt upon his guilt (*compare*, *People v Lopez*, 71 NY2d 662, 666; *People v Beasley*, 25 NY2d 483, 486-487). The record

demonstrates that defendant's plea was knowing, voluntary and intelligent, and that he was, in fact, guilty of the crime to which he pleaded.

Defendant also contends that County Court erred in failing to dismiss the indictment because he had not been permitted to appear and testify before the grand jury pursuant to CPL 190.50 (5). However, as defendant's "appearance before the grand jury would have been for the purpose of giving testimony relating to his guilt or innocence" (*People v Grey*, 135 AD2d 1031, 1032), his plea of guilty removed this issue from the case and waived his right to present such evidence (*see*, *People v Prodromidis*, 276 AD2d 912, 912; *People v Tinkham*, 273 AD2d 619, 620, *lv denied* 95 NY2d 872). Similarly, defendant's guilty plea waived his remaining contentions that County Court erred in denying a mistrial during jury selection (*see*, *People v Green*, 75 NY2d 902, 904-905, *cert denied* 498 US 860; *People v Beck*, 258 AD2d 910, 910, *lv denied* 93 NY2d 897), that his due process rights were infringed upon when the People produced "new evidence" consisting of his threatening letters to his accomplice (*see*, *People v Taylor*, 65 NY2d 1, 6-7), and that his bargained for sentence is harsh (*see*, *People v Robertson*, 288 AD2d 620, 622; *People v Negron*, 280 AD2d 780, 781, *lv denied* 96 NY2d 832; *People v McElhiney*, 237 AD2d 827, 828, *lv denied* 90 NY2d 861).

Cardona, P.J., Peters, Spain and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.