■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE LOPEZ, Appellant. [743 NYS2d 321] —Carpinello, J. Appeal from a judgment of the County Court of Schenectady County (Tomlinson, J.), rendered October 12, 1999, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree (two counts).

Defendant was charged in two separate indictments with various drug-related crimes arising from his possession and sale of cocaine in the City of Schenectady, Schenectady County, in August and October 1998. In full satisfaction of both indictments, defendant pleaded guilty to two counts of criminal sale of a controlled substance in the third degree and executed a waiver of his right to appeal. He was sentenced in accordance with the plea agreement to two concurrent terms of $3^{1}/_{2}$ to $10^{1}/_{2}$ years in prison. Defendant appeals.

Initially, inasmuch as defendant did not move to withdraw his plea or vacate the judgment of conviction, his argument that the plea was not knowingly, voluntarily and intelligently entered is not preserved for our review (*see, People v Jones*, 289 AD2d 871; *People v Negron*, 280 AD2d 780, *lv denied* 96 NY2d 832). Nevertheless, were we to consider defendant's claim, we would find it to be without merit. The transcript of the plea proceedings reveals that County Court fully informed defendant of the ramifications of pleading guilty and defendant indicated that he understood them, was not coerced into entering a plea and was not under the influence of drugs or alcohol. Defendant gave a factual recitation which sufficiently supported his plea of guilty to the crimes charged. When defendant was given an opportunity to withdraw his plea at sentencing, he chose not to do so. Under these circumstances, we conclude that the plea was knowing, voluntary and intelligent (*see, People v Fennell*, 284 AD2d 795; *People v McFadgen*, 274 AD2d 830, *lv denied* 95 NY2d 966).

Moreover, defendant's challenge to the severity of the

sentence is encompassed by his voluntary waiver of the right to appeal (*see, People v Hidalgo*, 91 NY2d 733; *People v Bolden*, 287 AD2d 883, *lv denied* 97 NY2d 654; *People v Negron, supra* at 781). In any event, we perceive no extraordinary circumstances or abuse of discretion which would warrant a reduction of the sentence in the interest of justice (*see, People v Jones, supra* at 730; *People v Robertson*, 288 AD2d 620, *lv denied* 97 NY2d 760).

Mercure, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.