■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMONT McWHITE, Also Known as L., Appellant. [744 NYS2d 532] —Mugglin, J. Appeal from a judgment of the County Court of Schenectady County (Catena, J.), rendered March 30, 2001, convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.

Defendant was charged with various drug-related crimes arising from his possession and sale of cocaine at a residence located at 125 McClellan Street in the City of Schenectady, Schenectady County. He pleaded guilty to the first count of an indictment charging criminal sale of a controlled substance in the third degree and a superior court information charging criminal possession of a controlled substance in the third degree in full satisfaction of all charges. He also executed a written waiver of his right to appeal. In accordance with the plea agreement, defendant was sentenced to concurrent terms of imprisonment of 7 to 14 years, to run consecutive to a sentence imposed in connection with a prior felony conviction. Defendant appeals.

Initially, defendant's claim that his guilty plea was not knowingly, voluntarily and intelligently entered is not preserved for our review inasmuch as defendant did not move to withdraw his plea or vacate the judgment of conviction (*see*, *People v*

*Lambe*, 282 AD2d 776, 777; *People v McFadgen*, 274 AD2d 830, 832, *lv denied* 95 NY2d 966). Despite defendant's challenge to the sufficiency of the plea allocution, his factual recitation does not negate an essential element of the crimes to which he pleaded guilty so as to constitute an exception to the preservation requirement (*see, People v Lopez*, 71 NY2d 662, 666; *People v Kemp*, 288 AD2d 635, 636). Nevertheless, were we to consider the merits, the record discloses that defendant's guilty plea was knowingly, voluntarily and intelligently made. County Court gave defendant a detailed explanation of the rights he would be relinquishing by pleading guilty and defendant indicated that he understood them, was not coerced or threatened into pleading guilty and was satisfied with his attorney. County Court proceeded to question defendant regarding the specifics of each crime and, in our view, defendant's responses adequately established the factual elements of the crimes to which he pleaded guilty (*see, People v Kemp, supra* at 636; *People v Pace*, 284 AD2d 806, 807, *lv denied* 97 NY2d 686).

Furthermore, we reject defendant's claim that the sentence imposed was harsh and excessive. Given that defendant was sentenced in accordance with the plea agreement and was on parole for a prior drug-related felony conviction at the time of the instant charges, we perceive no abuse of discretion or extraordinary circumstances warranting a reduction in the interest of justice (*see, People v Lambe, supra* at 777; *People v Hines*, 277 AD2d 504, 505, *lv denied* 96 NY2d 759).

Mercure, J.P., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.