(September 26, 2002)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH VARNO, Appellant. [747 NYS2d 261] —Rose, J.

As the result of his participation in a conspiracy to sell drugs, defendant pleaded guilty to criminal possession of a controlled substance in the second degree in full satisfaction of a multi-count indictment. He was sentenced to an agreed-upon prison term of eight years to life. Thereafter, he moved pursuant to CPL 440.10 to vacate the judgment of conviction on the grounds that his counsel was ineffective and he was coerced into pleading guilty because he was intoxicated at the time of the plea. Supreme Court denied the motion without a hearing. Defendant appeals from the judgment of conviction and the order denying his CPL 440.10 motion.

Initially, defendant contends that Supreme Court improperly denied his CPL 440.10 motion without first affording him a hearing since his allegation that he was intoxicated at the time of entering the plea was corroborated by the affidavit of his brother. We find this contention to be without merit. CPL 440.30 (4) (d) provides that a court may deny a CPL 440.10 motion without a hearing if: "An allegation of fact essential to support the motion (i) is contradicted by a court record or other official document, or is made solely by the defendant and is unsupported by any other affidavit or evidence, and (ii) under these and all other circumstances attending the case, there is no reasonable possibility that such allegation is true." Here, the official court record negates defendant's claim of intoxication notwithstanding the representations contained in the affidavit of defendant's brother. Significantly, the minutes of the plea proceedings disclose that Supreme Court expressly asked defendant if he was under the influence of drugs or alcohol and defendant gave a negative response. Defendant further related that he was pleading guilty of his own free will and had not been threatened or coerced into doing so. In addition, the other circumstances surrounding this case indicate that defendant · was not intoxicated. The plea minutes do not reveal that defendant was incoherent or confused about the proceedings. He indicated that he understood the ramifications of his guilty plea and was satisfied with the services of his counsel. In its decision denying the CPL 440.10 motion, Supreme Court noted that defendant did not exhibit any physical signs of intoxication. Consequently, we find that the requirements of CPL 440.30 (4) (d) were satisfied and a hearing was not required.

Defendant is precluded from claiming that the sentence was harsh and excessive since he waived his right to appeal as part of his voluntary, knowing and intelligent plea of guilty (*see People v Hidalgo*, 91 NY2d 733, 737; *People v Lopez*, 295 AD2d

701, 701-702). In any event, were we to address it, we would not find any extraordinary circumstances warranting a reduction of the sentence in the interest of justice (*see People v Lopez, supra* at 702; *People v Church*, 287 AD2d 788, 789, *lv denied* 97 NY2d 680).

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment and order are affirmed.