■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL E. COLLINS, Appellant. [748 NYS2d 537] —Appeal from a judgment of the County Court of Columbia County (Czajka, J.), rendered March 14, 2001, (1) convicting defendant upon his plea of guilty of the crimes of criminal sale of a controlled substance in the third degree (four counts) and criminal possession of a controlled substance in the seventh degree (four counts), and (2) which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant pleaded guilty to four counts of criminal sale of a controlled substance in the third degree and four counts of criminal possession of a controlled substance in the seventh degree. Defendant was sentenced as a second felony offender to concurrent prison terms of 5 to 10 years on the felony convictions and one-year jail terms on the misdemeanor convictions. In connection therewith, defendant also admitted to violating the terms of his probation and, as a result, his probation was revoked and a consecutive sentence of 1 to 3 years was imposed. Defendant appeals.

Defendant has failed to preserve for our review his challenge to the voluntariness of his plea inasmuch as he failed to move to withdraw his plea or vacate the judgment of conviction (*see People v Harris*, 293 AD2d 818, *lv denied* 98 NY2d 676; *People v Fuller*, 245 AD2d 987, *lv denied* 91 NY2d 941). Were we to consider the merits, we would find that County Court did not induce or coerce defendant to enter a plea by informing him of the potential sentence to which he was exposed (*see People v Lambe*, 282 AD2d 776). In addition, the record establishes that his plea was knowingly and voluntarily made (*see id.*). Furthermore, we find no abuse of discretion nor extraordinary circumstances warranting a reduction of the sentences imposed (*see People v Van Hoesen*, 213 AD2d 944, *lvs denied* 85 NY2d 980, 981). Contrary to defendant's contention, the record reveals that County Court appropriately considered all relevant factors.

Crew III, J.P., Carpinello, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.