■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARION SAMUELS, Appellant. [757 NYS2d 640] —Appeal from a

judgment of the County Court of Sullivan County (LaBuda, J.), rendered April 30, 2001, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

Following his arrest on charges of criminal sale of a controlled substance in the third degree (two counts), criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree, defendant pleaded guilty to the crime of criminal possession of a controlled substance in the third degree and executed a waiver of appeal. Pursuant to this plea agreement, defendant agreed to cooperate with the District Attorney's office and law enforcement officials investigating other individuals suspected of drug-related activities. In exchange for his release from jail and his satisfactory cooperation, defendant's conviction would be reduced to criminal possession of a controlled substance in the fifth degree for which he would be sentenced to a minimum prison term of 2 to 4 years and a maximum term of 3½ to 7 years. Defendant entered into this cooperation agreement with the knowledge that if he failed to comply with its terms, his conviction would not be reduced and he would be sentenced as a second felony offender to a minimum prison term of 4½ to 9 years and a maximum term of 12½ to 25 years.

Following defendant's release from jail, he fled the jurisdiction prior to providing any of the agreed-upon assistance. Approximately eight months later, he turned himself over to authorities and was sentenced as a second felony offender to a prison term of 12½ to 25 years. Defendant's challenge to the severity of the sentence is precluded from review by his knowing, voluntary and intelligent waiver of his right to appeal (see People v Hidalgo, 91 NY2d 733, 737 [1998]; People v Lopez, 295 AD2d 701, 702 [2002]). Even if we were to reach the merits, considering defendant's extensive criminal history, we perceive no extraordinary circumstances or abuse of discretion that would warrant a reduction in the interest of justice (see People v Jones, 289 AD2d 871 [2001]).

Cardona, P.J., Peters, Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.