■  THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MONTY LEE COLES, Appellant. [786 NYS2d 595]—

Kane, J. Appeal from a judgment of the County Court of Albany County (Catena, J.), rendered November 20, 2001, convicting defendant upon his plea of guilty of the crimes of assault in the second degree (10 counts), criminal possession of a weapon in the third degree (10 counts), coercion in the first degree (three counts) and unlawful imprisonment in the first degree.

Defendant was charged in a 24-count indictment with numerous crimes arising from two incidents of domestic violence against his girlfriend. After previously rejecting various plea offers, just prior to jury selection defendant pleaded guilty to all of the crimes charged in the indictment and waived his right to appeal. No promise, however, was made with respect to the sentence. As a result of the merger of the sentences imposed for the various crimes, defendant faced a determinate 20-year prison term. He now appeals.

Initially, inasmuch as defendant did not move to withdraw his plea or vacate the judgment of conviction, he has not preserved his challenge to the sufficiency of the plea allocution (*see People v Teague*, 295 AD2d 813, 814 [2002], *lv denied* 98 NY2d 772 [2002]; *People v Kemp*, 288 AD2d 635, 635 [2001]). We do not find that defendant's factual recitation negates essential elements of the crimes to which he pleaded guilty so as to present an exception to the preservation requirement (*see People v McWhite*, 295 AD2d 757, 758 [2002]; *People v Kemp, supra* at 636). In any event, even if we were to consider defendant's claim, we would find it to be without merit. "[A] plea allocution is generally sufficient where, as here, a defendant's affirmative responses to County Court's questions established the elements of the crimes charged and there is no indication in the record that the voluntary plea was baseless or improvident" (*People v Kemp, supra* at 636; *see People v McWhite, supra* at 758).

Defendant's failure to move to withdraw his plea or vacate the judgment of conviction also precludes his challenge to the effectiveness of his counsel (*see People v Washington*, 3 AD3d 741, 742 [2004], *lv denied* 2 NY3d 747 [2004]).

Defendant's waiver of appeal was involuntary and, therefore, invalid. Defendant exercised his statutory right to plead guilty to the entire indictment (*see* CPL 220.10 [2]), without any promise from either County Court or the prosecutor respecting sentencing. Under these circumstances, it was improper for the court to require defendant to waive his right to appeal. Consequently, we will address defendant's challenge to his sentence. Given defendant's criminal history, his failure to take responsibility for his actions in his presentence interview and the brutal nature of his attacks on the victim, we cannot conclude that his sentence was unduly harsh or excessive.

Crew III, J.P., Spain, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.