■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS STEED, Appellant. [793 NYS2d 620]—

Rose, J. Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered July 18, 2003, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

Defendant, an inmate, was charged with promoting prison contraband in the first degree after he was found to be in possession of a $6^{1}/_{4}$-inch sharpened metal rod. Pursuant to a negotiated plea agreement, defendant pleaded guilty to the lesser crime of attempted promoting prison contraband in the first degree in exchange for a sentence of $1^{1}/_{2}$ to 3 years to run consecutively to the sentence he was already serving. Defendant later made an oral motion to withdraw his plea on the ground that defense counsel failed to advise him that he would be required to pay a surcharge upon sentencing, and County Court granted the motion. Shortly thereafter, defendant sought to have his guilty plea reinstated, County Court assented and defendant was then sentenced in accordance with the original plea agreement. Defendant now appeals.

Initially, defendant's contention that his arraignment was improper due to County Court's failure to read the indictment to him is belied by the record. County Court both read the indictment and explained the charge, and defense counsel acknowledged receipt of a copy (*see* CPL 210.15 [1]). Equally meritless is defendant's challenge to the sufficiency of the plea allocution on the ground that it failed to demonstrate that he knowingly possessed the contraband. A factual basis for the plea was not required inasmuch as defendant pleaded guilty to a lesser crime than that charged in the indictment (*see People v Moore*, 71 NY2d 1002, 1006 [1988]; *People v Peltier*, 1 AD3d 638, 638 [2003], *lv denied* 1 NY3d 600 [2004]). In any event, defendant's admission during the plea colloquy—that he carried a sharpened metal rod that he knew was unauthorized—was factually sufficient to establish the elements of the crime charged (*see* Penal Law § 205.25 [2]).

Next, we discern no abuse of discretion in County Court's refusal to appoint new counsel inasmuch as defendant failed to demonstrate good cause to warrant such substitution (*see People v Linares*, 2 NY3d 507, 510 [2004]; *People v Cherry*, 12 AD3d 949, 950 [2004], *lv denied* 4 NY3d 797 [2005]). Finally, by pleading guilty, defendant waived any claim that he was denied the right to testify before the grand jury (*see People v Harris*, 293 AD2d 818, 819 [2002], *lv denied* 98 NY2d 676 [2002]).

Mercure, J.P., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.