■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL DOLISON, Appellant. [803 NYS2d 805]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered February 24, 2004 in Albany County, convicting defendant upon his plea of guilty of the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree.

After refusing to accept several plea bargains, defendant pleaded guilty as charged to criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree just prior to the commencement of jury selection for his trial. Supreme Court advised defendant that, because he was required to be sentenced as a second felony offender, a sentence of at least 4½ to 9 years in prison would have to be imposed. However, the court made a commitment to defendant that the longest sentence it would impose would be 6 to 12 years in prison. Ultimately, the court sentenced defendant to a prison term of 5 to 10 years. Defendant retained his right to appeal and now exercises that right.

Defendant's failure to move to withdraw his plea or vacate the judgment of conviction renders his challenge to the voluntariness of his plea unpreserved for our review (*see People v Lopez,* 71 NY2d 662, 665 [1988]). The exception to the preservation rule is inapplicable as defendant did not make any statements during the plea colloquy which cast significant doubt upon his guilt or the voluntariness of his plea (*see id.*). Regardless, defendant's affirmative answers to Supreme Court's in-

quiries sufficiently established the elements of the crimes, that he had not been coerced into pleading guilty and that he understood the proceedings as well as the rights he was relinquishing by pleading guilty (*see People v Coles*, 13 AD3d 665, 666 [2004]; *People v Kemp*, 288 AD2d 635, 636 [2001]).

The sentence imposed is not harsh and excessive under the circumstances. Indeed, despite defendant's prior criminal history and pattern of substance abuse, Supreme Court sentenced him to less than the longest potential sentence agreed to upon his plea (*see People v Coles, supra* at 666; *People v Butterfield*, 9 AD3d 682, 682 [2004]). Furthermore, the record reveals no extraordinary circumstances warranting modification of the sentence imposed (*see People v Jenkins*, 19 AD3d 745, 745 [2005]; *People v Mills*, 17 AD3d 712, 713 [2005], *lv denied* 5 NY3d 766 [2005]).

Cardona, P.J., Mercure, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed.