■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLIN OLIVER, Appellant. [809 NYS2d 301]—

Mugglin, J. Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered March 25, 2005, convicting defendant upon his plea of guilty of the crime of identity theft in the second degree.

On December 9, 2004, defendant entered a plea of guilty to both counts of an indictment charging him with identity theft in the second degree and falsifying business records in the first degree. At the time defendant entered his plea of guilty, County Court indicated that it would sentence him to a prison term of 1½ to 3 years with a potential alternative sentence of long-term drug rehabilitation. Thereafter, when it became clear that defendant did not qualify for long-term drug rehabilitation, County Court indicated that it would entertain a motion to withdraw the guilty plea, and it adjourned the proceeding for that purpose. Although defendant did not move to withdraw his guilty plea, his plea to falsifying business records in the first degree was vacated on consent of the prosecution and defendant was sentenced on the remaining charge as promised. Defendant now appeals.

We affirm. Defendant's first contention is that his guilty plea should have been vacated as of right when it became evident that County Court could not fulfill its promise of sentencing defendant to a drug rehabilitation program. This issue has not been preserved for our review since defendant failed to move for withdrawal of his guilty plea or to vacate the judgment of conviction (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Dolison*, 23 AD3d 844, 845 [2005]). Further, since defendant's allocution neither reveals facts suggesting that he did not commit the crimes to which he pleaded nor in any way impacts the voluntariness of his plea, the narrow exception to the preservation rule is not implicated (*see People v Clinton*, 22 AD3d 887, 888 [2005]). Were we to reach defendant's argument, we would find it to be without merit. Although a guilty plea may be vacated if the plea is induced by an unfulfilled promise regarding sentence (*see People v DeValle*, 94 NY2d 870, 872 [2000]), this record reveals the complete absence of an unfulfilled promise. County Court's representation was simply to consider the possibility of drug rehabilitation as a potential alternative to a term of imprisonment in the event that defendant entered a plea of guilty. Defendant was well aware of this and, even when it became clear that it was not available, he failed to avail himself of County Court's adjournment so that he could explore withdrawal of his plea.

Next, we reject defendant's claim that County Court failed to properly and fully explore his desire for substitute counsel. The record reveals that County Court did explore defendant's alleged dissatisfaction with the assigned public defender and concluded that no realistic basis existed for defendant's avowed dissatisfaction, as it was based on defendant's erroneous belief that he had committed only a class A misdemeanor and should not receive a sentence of 1½ to 3 years. Defendant failed to establish any irreconcilable conflict with counsel or any other compelling reason entitling him to new counsel (*see People v Sides*, 75 NY2d 822, 824 [1990]), so we discern no abuse of discretion or other basis upon which to disturb County Court's finding in this regard (*see People v Linares*, 2 NY3d 507, 510 [2004]).

Crew III, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed.