■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY TAYLOR, Appellant. [917 NYS2d 749]—

Peters, J.P.

Defendant was indicted for aggravated unlicensed operation of a motor vehicle in the first degree and two counts of driving while intoxicated (hereinafter DWI). The DWI counts were charged as class E felonies by reason of defendant's previous convictions of DWI and driving while ability impaired (*see* Vehicle and Traffic Law § 1193 [1] [c] [i]), and the accompanying special information (*see* CPL 200.60) specifically accused defendant of having previously been convicted of those offenses. During a thorough colloquy in which defendant's rights and the consequences of his plea were reviewed in detail, defendant pleaded guilty to all three counts of the indictment. Prior to sentencing, defendant sought to withdraw his guilty plea, claiming that one of his prior DWI convictions was invalid and that his plea was not knowingly and intelligently made. County Court denied the motion and sentenced defendant to an aggregate term of 1¹/₃ to 4 years in prison, prompting this appeal.

Defendant contends that the two DWI counts of the indictment were jurisdictionally defective because the special information failed to conform with the requirements of CPL 200.60. However, any deficiencies in the special information constituted a procedural, nonjurisdictional defect that was waived by defendant's knowing and voluntary guilty plea (*see People v Williamson*, 301 AD2d 860, 862 [2003], *lv denied* 100 NY2d 567 [2003]; *see also People v Viano*, 287 AD2d 584, 585 [2001], *lv*

*denied* 97 NY2d 689 [2001]; *People v Gill*, 109 AD2d 419, 420 [1985]). Likewise, defendant's challenge to the sufficiency of the People's proof regarding his prior convictions was forfeited by his guilty plea (*see People v Negron*, 280 AD2d 780, 781 [2001], *lv denied* 96 NY2d 832 [2001]; *see generally People v Taylor*, 65 NY2d 1, 5 [1985]).

Nor do we find any merit in defendant's contention that County Court erred in denying his motion to withdraw his plea. "Whether to allow withdrawal of a guilty plea is left to the sound discretion of County Court, and will generally not be permitted absent some evidence of innocence, fraud or mistake in its inducement" (*People v Mitchell*, 73 AD3d 1346, 1347 [2010], *lv denied* 15 NY3d 922 [2010] [internal quotation marks and citations omitted]; *see People v Waters*, 80 AD3d 1002, 1003 [2011]; *People v Walker*, 27 AD3d 899, 901 [2006], *lv denied* 7 NY3d 764 [2006]). No such showing was made here. During the plea colloquy, County Court informed defendant of his right to plead not guilty and go to trial, advised him of his sentencing exposure if convicted after trial, and fully explained the ramifications of pleading guilty and the rights he would be relinquishing by doing so. Defendant confirmed his understanding, attested that he was not coerced or threatened into pleading guilty but was doing so voluntarily and of his own free will, and indicated that he had conferred with counsel about the matter and was satisfied with his services. Contrary to defendant's contention, the fact that County Court informed him of the potential maximum sentence to which he was exposed under the indictment did not constitute coercion to induce his guilty plea or otherwise render the plea involuntary (*see People v Morelli*, 46 AD3d 1215, 1216 [2007], *lv denied* 10 NY3d 814 [2008]; *People v Coleman*, 8 AD3d 825, 826 [2004]; *People v Collins*, 298 AD2d 715 [2002], *lv denied* 99 NY2d 556 [2002]; *People v Mackey*, 175 AD2d 346, 349 [1991], *lv denied* 78 NY2d 969 [1991]). Accordingly, County Court did not abuse its discretion in denying defendant's motion.

Kavanagh, Stein, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.