*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   September 4, 2014                    104758
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

            v                                   MEMORANDUM AND ORDER

JAMEL CARLTON,
                        Appellant.
_____

Calendar Date:   August 21, 2014

Before:   McCarthy, J.P., Garry, Egan Jr., Lynch and Clark, JJ.

_____

        Tara Brower Wells, Latham, for appellant.

        D. Holley Carnright, District Attorney, Kingston (Joan
Gudesblatt Lamb of counsel), for respondent.

_____

Garry, J.

        Appeal from a judgment of the County Court of Ulster County
(Williams, J.), rendered November 17, 2011, convicting defendant
upon his plea of guilty of the crime of criminal possession of
stolen property in the fourth degree.

        After a traffic stop around 12:30 a.m. on May 10, 2011,
defendant was arrested for unlawful possession of marihuana and
aggravated unlicensed operation of a motor vehicle, and on an
outstanding warrant for unrelated charges.  After it was
determined that items found in a purse recovered from defendant's
vehicle during the traffic stop had been taken from their owner
by defendant and others during a gun-point robbery, he was
charged by felony complaint with three counts of criminal
possession of stolen property in the fourth degree.  Following a

preliminary hearing on the felony complaint, County Court determined that there was reasonable cause to believe that defendant had committed the felony of criminal possession of stolen property in the fourth degree and held the matter over for grand jury action.  An Ulster County grand jury thereafter charged defendant with three counts of criminal possession of stolen property in the fourth degree, and his motion to dismiss the indictment for failure to afford him an opportunity to testify before the grand jury was denied.  Defendant thereafter entered a guilty plea to one count of criminal possession of stolen property in the fourth degree in satisfaction of all charges in the indictment, and received the agreed-upon prison sentence, as a second felony offender, of 2 to 4 years, with restitution.  Defendant now appeals.

By pleading guilty, defendant forfeited the claims that he was entitled to notice of the grand jury proceedings and denied his statutory right to testify (see CPL 190.50 [5] [a]; People v Steed, 17 AD3d 928, 929 [2005], lv denied 5 NY3d 770 [2005]; People v Harris, 293 AD2d 818, 819 [2002], lv denied 98 NY2d 676 [2002]; People v Grey, 135 AD2d 1031, 1031 [1987]; see also People v Taylor, 65 NY2d 1, 5 [1985]).  Defendant's "appearance before the grand jury would have been for the purpose of giving testimony relating to his guilt or innocence" (People v Grey, 135 AD2d at 1032), and "his plea of guilty removed this issue from the case" (People v Harris, 293 AD2d at 819).  Moreover, the record reflects that, after the preliminary hearing, the felony complaint was "disposed of" and defendant was held for grand jury action (CPL 180.70 [1]) and, as such, he was no longer subject to an "undisposed of felony complaint" in a local criminal court so as to entitle him to notice of grand jury proceedings under CPL 160.50 (5) (a) (see People v Boodrow, 42 AD3d 582, 584 [2007]; People v Brooks, 26 AD3d 739, 740 [2006], lvs denied 6 NY3d 846, 7 NY3d 810 [2006]).

Next, defendant's insistence that he would not have pleaded guilty but for counsel's alleged deficiencies is undermined by the fact that, while he complained about the representation at sentencing, he declined County Court's invitation to withdraw his guilty plea.  Even assuming that defense counsel failed to facilitate defendant's appearance at the grand jury, which is not

established in the record, this would be insufficient to constitute ineffective assistance of counsel; defendant has not shown that he was prejudiced by that failure, nor made any showing that the outcome would have been different had he testified (see People v Simmons, 10 NY3d 946, 949 [2008]; People v Lasher, 74 AD3d 1474, 1475-1476 [2010], lv denied 15 NY3d 894 [2010]).  Morever, counsel vigorously represented defendant at the preliminary hearing, timely moved to dismiss the indictment pursuant to CPL 190.50 (5) (a) based upon the one day notice provided of the grand jury proceedings, and obtained a favorable plea deal, and the record as a whole reflects that counsel provided meaningful representation (see People v Henry, 95 NY2d 563, 565 [2000]).  To the extent that defendant raises claims regarding what counsel advised him or investigated, they concern matters outside the record on appeal, which are more properly addressed in a motion to vacate the judgment pursuant to CPL article 440 (see People v Haffiz, 19 NY3d 883, 885 [2012]; People v Morey, 110 AD3d 1378, 1379-1380 [2013], lv denied 23 NY3d 965 [2014]), and his contentions that he was not apprised of his potential sentencing exposure or the parameters of the plea agreement are belied by the record.

McCarthy, J.P., Egan Jr., Lynch and Clark, JJ., concur.


ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court