People v Ozuna (2019 NY Slip Op 07963)





People v Ozuna


2019 NY Slip Op 07963


Decided on November 07, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 07, 2019

109987

[*1]The People of the State of New York, Respondent,
v
Heddekel Ozuna, Appellant.

Calendar Date: October 17, 2019

Before: Garry, P.J., Clark, Mulvey, Aarons and Pritzker, JJ.


Jacob A. Vredenburgh, Wynantskill, for appellant, and appellant pro se.
D. Holley Carnright, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.



Aarons, J.
Appeal from a judgment of the County Court of Ulster County (Williams, J.), rendered October 25, 2017, convicting defendant upon his plea of guilty of the crime of promoting prison contraband in the first degree.
In satisfaction of a five-count sealed indictment, defendant pleaded guilty to promoting prison contraband in the first degree and waived his right to appeal. Defendant subsequently requested that new counsel be assigned and moved, on multiple occasions, to withdraw his plea. County Court denied defendant's requests and, consistent with the terms of the plea agreement, sentenced defendant, as a second felony offender, to a prison term of 3½ to 7 years. Defendant appeals.
We affirm. Defendant challenges the voluntariness of the plea and contends that County Court abused its discretion in summarily denying his motion to withdraw his plea. Defendant's challenge to the voluntariness of the plea survives the unchallenged appeal waiver and is preserved by his motion to withdraw his guilty plea (see People v Jackson, 163 AD3d 1273, 1274 [2018], lvs denied 32 NY3d 1063, 1065 [2018]; People v Morey, 110 AD3d 1378, 1379 [2013], lv denied 23 NY3d 965 [2014]). Nevertheless, we find defendant's challenges to be without merit. The record reflects that defendant acknowledged, in response to County Court's inquiries during the plea colloquy, that he understood the provisions of the plea agreement, was not being threatened or forced to plead guilty and indicated that he had sufficient time to speak with counsel and was satisfied with counsel's representation. Upon entering his guilty plea, defendant expressly detailed the conduct in which he engaged that constituted the crime at issue and made no statements during the plea colloquy that called into question his actual innocence. In view of the foregoing, defendant's assertion that his plea was involuntary is belied by the record (see People v Palmer, 174 AD3d 1118, 1119 [2019]; People v Torres, 165 AD3d 1325, 1326 [2018], lv denied 32 NY3d 1210 [2019]; People v Brandon, 112 AD3d 1069, 1070 [2013]). Further, absent some evidence of innocence, fraud or mistake in the plea's inducement, we are unpersuaded that County Court abused its discretion in failing to inquire further about defendant's unsubstantiated claim of innocence or in denying defendant's motion to withdraw his plea (see People v Palmer, 174 AD3d at 1119; People v Nealon, 166 AD3d 1225, 1226 [2018]).
We also find without merit defendant's contention that County Court erred in denying his request for substitute counsel given that, upon inquiry by the court as to defendant's complaints about counsel, defendant failed to demonstrate "good cause" for such substitution (People v Linares, 2 NY3d 507, 510 [2004]; see People v Steed, 17 AD3d 928, 929 [2005], lv denied 5 NY3d 770 [2005]; People v Cherry, 12 AD3d 949, 950 [2004], lv denied 4 NY3d 797 [2005]). Finally, defendant's plea of guilty precludes any claim with regard to his right to testify before the grand jury (see People v Steed, 17 AD3d at 929). Defendant's remaining contentions, including those in his pro se supplemental brief, have been considered and are without merit.
Garry, P.J., Clark, Mulvey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.