## JTRE 23 WS (DEL) LLC v CS Wall St. LLC

2024 NY Slip Op 34299(U)

November 29, 2024

Supreme Court, New York County

Docket Number: Index No. 654992/2021

Judge: Joel M. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 03M

-----------------------------------------------------------------------------X

JTRE 23 WS (DEL) LLC

Plaintiff,

- v -

CS WALL STREET LLC,

Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 654992/2021 |
| **MOTION DATE** | 10/28/2024, 10/28/2024 |
| **MOTION SEQ. NO.** | 006 006 |

**DECISION + ORDER ON MOTION**

HON. JOEL M. COHEN:

The following e-filed documents, listed by NYSCEF document number (Motion 006) 276, 277, 278, 286, 287, 289, 290, 291, 292, 293

were read on this motion for          ATTORNEY WITHDRAWAL          .

The following e-filed documents, listed by NYSCEF document number (Motion 006) 276, 277, 278, 286, 287, 289, 290, 291, 292, 293

were read on this motion for          ATTORNEY WITHDRAWAL          .

Morrison Cohen LLP ("Morrison Cohen") moves, by Order to Show Cause, for an Order (i) permitting Morrison Cohen to withdraw as counsel for plaintiff JTRE 23 WS (DEL) LLC ("Plaintiff"); (ii) granting Morrison Cohen a retaining lien in the amount of $195,869.94 for services rendered, plus interest computed on the full amount owed by Plaintiff, jointly and severally, and to the extent necessary, directing an immediate hearing to determine the amount of the lien; and (iii) staying all proceedings in this action for sixty (60) days after the date that this motion is determined in order to allow Plaintiff to retain new counsel should Plaintiff desire to do so.

Defendant CS Wall Street LLC ("CS Wall" or "Landlord") does not oppose this motion, but rather requests that it be conditioned upon the delivery to the Court and Defendant of (i) a

**654992/2021 JTRE 23 WS (DEL) LLC vs. CS WALL STREET LLC**
**Motion No. 006 006**

**Page 1 of 4**

copy of the agreement entered into between the City of New York and JTRE substantiating the payment plan agreement for the payment of real property taxes due and owing to New York City and (ii) written verification from the City of New York that there is no longer a default in the payment of the past due real estate taxes for the subject condominium units (NYSCEF 292).

Here, Morrison Cohen seeks to withdraw their representation due to a failure by Plaintiff to pay legal fees (*see* NYSCEF 277 ["Milton Affirm"] at ¶¶5-8). An attorney may withdraw as counsel upon a showing of good and sufficient cause and reasonable notice (NY CPLR § 321:2). Further, an attorney may withdraw from representation where the client "deliberately disregards an agreement or obligation to the lawyer as to expenses or fees" (NYCRR 1.16 [c][5]; *see also Weiss v Spitzer*, 26 AD3d 675 [1st Dept 2007] [permitting attorney to withdraw where client was almost $4,000 in arears]; *Winters v Winters*, 25 AD3d 601, 601 [2d Dept 2006] [holding that an attorney may withdraw where the client "refuses to pay reasonable legal fees"]). Morrison Cohen has made a sufficient showing of entitlement to withdraw as counsel for Plaintiff.[1]

---

[1] Subject to the directives contained herein, the Court neither grants nor denies Morrison Cohen's assertion of a retaining lien. A retaining lien, which attaches automatically upon the commencement of the representation, gives an attorney "the right to keep, with certain exceptions, all of the papers, documents and other personal property of the client which have come into the lawyer's possession in his or her professional capacity as long as those items are related to the subject representation" (*Schneider, Kleinick, Weitz, Damashek & Shoot v City of New York*, 302 AD2d 183, 186 [1st Dept 2002]; 1B Carmody-Wait 2d § 3:553 [updated Nov 2024]). "[A]n attorney's retaining lien generally lasts 'until [the attorney's] disbursements have been fully paid and, as a general rule, his fees have been determined." (*id*. at 187). "[A] court has discretion to 'secure the fees and to order the files to be returned to the client before the fees have been paid ...'" (*id*. at 187 n 1). However, "absent proof of discharge for cause, [an attorney] cannot be compelled to give up plaintiff's file before such disbursements are paid or secured." (*Tuff& Rumble Management, Inc, v Landmark Distributors, Inc.*, 254 AD2d 15, 15 [1st Dept 1998]; *Warsop v Novik*, 50 AD3d 608, 609 [1st Dept 2008] ["Absent evidence of discharge for cause, a court should not order turnover of an outgoing attorney's file before the client fully pays the attorney's disbursements or provides security therefor"]).

**654992/2021   JTRE 23 WS (DEL) LLC vs. CS WALL STREET LLC**
**Motion No.  006 006**

**Page 2 of 4**

2 of 4

[* 2]

Defendant's request to condition the withdrawal upon the delivery of the agreement reached between Plaintiff and the City is granted in part. As noted by Defendant, on October 21, 2024, Plaintiff's counsel represented to the Court that Plaintiff had reached an agreement and a payment plan with the City regarding past due real estate taxes, and that Plaintiff was no longer in default (NYSCEF 293 at 4:16-22 ["The additional rent component of property taxes, our client has reached an agreement, a payment plan with the city. They are no longer in default. So that is also a positive news"]). Despite that representation, Defendant submits that it has not received a copy of this agreement. Accordingly, prior to and as a condition for its withdrawal being effective, if Morrison Cohen is in possession of the above-referenced agreement it shall deliver on behalf of its client Plaintiff a copy of said agreement to Defendant. If Morrison Cohen is not in possession of the agreement, it is directed to advise Plaintiff that Plaintiff must promptly provide the agreement to Defendant OR provide written verification from the City of New York that there is no longer a default in the payment of the past due real estate taxes for the subject condominium units.

Finally, a thirty (30) day stay is sufficient to allow Plaintiff to obtain new counsel. Accordingly, it is

**ORDERED** that the motion of Morrison Cohen is **GRANTED IN PART;** it is further

**ORDERED** that Morrison Cohen is to comply with its obligations under Rule 1.16(d) of the Rules of Professional Conduct, as applicable to the facts presented, to "take steps, to the extent reasonably practicable, to avoid foreseeable prejudice to the rights of the clients, including giving reasonable notice to the clients, allowing time for employment of other counsel, delivering to the clients all papers and property *to which the clients are entitled*, promptly

**654992/2021   JTRE 23 WS (DEL) LLC vs. CS WALL STREET LLC**
**Motion No.  006 006**

**Page 3 of 4**

3 of 4

[* 3]

refunding any part of a fee paid in advance that has not been earned and complying with applicable laws and rules" [emphasis added]); it is further

**ORDERED** that Morrison Cohen shall promptly serve a copy of this order upon Plaintiff by email, and, if practicable, by hard copy at its last known home and business addresses, respectively, by certified mail, return receipt requested; it is further

**ORDERED** that Plaintiffs shall, to avoid a potential default in this action, appoint substitute counsel within thirty (30) days from the date of this order; it is further

**ORDERED** that no further proceedings may be taken against Plaintiff without leave of this court until thirty (30) days from the date of this decision and order; and it is further

This constitutes the decision and order of the Court.

20241129141152JMC0HEN32BA9B1DD2A74CF1A257C255B3D129A5

| 11/29/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **JOEL M. COHEN, J.S.C.** | |
| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**654992/2021   JTRE 23 WS (DEL) LLC vs. CS WALL STREET LLC**
**Motion No.  006 006**

**Page 4 of 4**

4 of 4

[* 4]